# 22-1240

## United States Court of Appeals
## for the Second Circuit

ELIZABETH STAFFORD,
*Petitioner-Appellee,*

– v. –

INTERNATIONAL BUSINESS MACHINES CORPORATION,
*Respondent-Appellant.*

On Appeal from the United States District Court for the
Southern District of New York
No. 21-CV-06164 – Judge J. Paul Oetken

## JOINT APPENDIX (REDACTED)

Shannon Liss-Riordan
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street
Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
sliss@llrlaw.com

*Counsel for Petitioner-Appellee*

Matthew W. Lampe
JONES DAY
250 Vesey Street
New York, NY 10281
Telephone: (212) 326-3939
mwlampe@jonesday.com

Anthony J. Dick
JONES DAY
51 Louisiana Ave., NW
Washington, DC 20001
Telephone: (202) 879-3939
ajdick@jonesday.com

*Counsel for Respondent-Appellant*

(additional counsel listed on inside cover)

(continued from front cover)

J. Benjamin Aguiñaga
JONES DAY
2727 N. Harwood St., Ste. 500
Dallas, TX 75201
Telephone: (214) 220-3939
jbaguinaga@jonesday.com

*Counsel for Respondent-Appellant*

## TABLE OF CONTENTS

**Page**

District Court Docket Entries .............................................................. JA01

Petitioner's Motion to File Documents Under Seal
    Dist. Ct. ECF No. 4 (July 19, 2021) ................................................. JA06

Final Arbitration Award
    Dist. Ct. ECF No. 7 (July 20, 2021) (Filed Under Seal) ................ JA08

Petition to Confirm Arbitration Award
    Dist. Ct. ECF No. 13 (Sept. 3, 2021) .............................................. JA22

    Exhibit 2: Arbitration Agreement
        Dist. Ct. ECF No. 13-2 (Sept. 3, 2021) ...................................... JA26

    Exhibit 3: Appointment of Arbitrator
        Dist. Ct. ECF No. 13-3 (Sept. 3, 2021) ...................................... JA33

Petitioner's Motion to Confirm Arbitration Award
    Dist. Ct. ECF No. 14 (Sept. 3, 2021) .............................................. JA36

Respondent's Partial Opposition to Petitioner's Motion to Confirm
    Dist. Ct. ECF No. 16 (Sept. 17, 2021) ............................................ JA40

Declaration of Matthew W. Lampe in Support of Respondent's
    Partial Opposition to Petitioner's Motion to Confirm
    Dist. Ct. ECF No. 17 (Sept. 17, 2021) ............................................ JA62

Opinion and Order
    Dist. Ct. ECF No. 28 (May 10, 2022) .............................................. JA64

Order Granting Motion to Clarify
    Dist. Ct. ECF No. 31 (May 25, 2022) .............................................. JA72

Notice of Appeal
    Dist. Ct. ECF No. 32 (June 6, 2022) ............................................... JA74

i

Case 22-1240, Document 38, 07/15/2022, 3402140, Page4 of 65

Query    Reports    Utilities    Help    Log Out

APPEAL,ECF,INTL-ARB

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:21-cv-06164-JPO

Stafford v. International Business Machines Corporation
Assigned to: Judge J. Paul Oetken
Cause: 09:207 Application for order confirming award of arbitrators

Date Filed: 07/19/2021
Jury Demand: None
Nature of Suit: 896 Other Statutes: Arbitration
Jurisdiction: Federal Question

**Petitioner**

**Elizabeth Stafford**

represented by **Shannon Liss-Riordan**
Lichten & Liss-Riordan PC
729 Boylston St. Ste.2000
Boston, MA 02116
617-994-5800
Fax: 617-994-5801
Email: sliss@llrlaw.com
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**International Business Machines Corporation**

represented by **Matthew Willis Lampe**
Jones Day (NYC)
250 Vesey Street
New York, NY 10281
212 326 8338
Fax: 212 755 7306
Email: mwlampe@jonesday.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Erika D Cagney**
Jones Day
250 Vesey Street
New York, NY 10281
212 326 3496
Email: ecagney@jonesday.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/19/2021 | 1 | PETITION TO CONFIRM ARBITRATION. (Filing Fee $ 402.00, Receipt Number ANYSDC-24813755).Document filed by Elizabeth Stafford. (Attachments: # 1 Exhibit 1 - Sealed, # 2 Exhibit 2, # 3 Exhibit 3).(Liss-Riordan, Shannon) (Entered: 07/19/2021) |

| 07/19/2021 | 2 | CIVIL COVER SHEET filed..(Liss-Riordan, Shannon) (Entered: 07/19/2021) |
|---|---|---|
| 07/19/2021 | 3 | STATEMENT OF RELATEDNESS re: that this action be filed as related to 18-cv-08434. Document filed by Elizabeth Stafford..(Liss-Riordan, Shannon) (Entered: 07/19/2021) |
| 07/19/2021 | 4 | MOTION to Seal *Exhibit 1 to Docket No. 1 and Docket No. 5*. Document filed by Elizabeth Stafford..(Liss-Riordan, Shannon) (Entered: 07/19/2021) |
| 07/19/2021 | 5 | **FILING ERROR - DEFICIENT DOCKET ENTRY (SEE DOCUMENT #14) -** MOTION to Confirm Arbitration *Award*. Document filed by Elizabeth Stafford. (Attachments: # 1 Exhibit 1 - Sealed, # 2 Exhibit 2).(Liss-Riordan, Shannon) Modified on 9/3/2021 (ldi). (Entered: 07/19/2021) |
| 07/20/2021 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Unassigned. (vf) (Entered: 07/20/2021) |
| 07/20/2021 | | Case Designated ECF. (vf) (Entered: 07/20/2021) |
| 07/20/2021 | | CASE REFERRED TO Judge Valerie E. Caproni as possibly related to 1:18-cv-08434. (vf) (Entered: 07/20/2021) |
| 07/20/2021 | | CASE DECLINED AS NOT RELATED. Case referred as related to 1:18-cv-08434-VEC and declined by Judge Valerie E. Caproni and returned to wheel for assignment. (vba) (Entered: 07/20/2021) |
| 07/20/2021 | | NOTICE OF CASE REASSIGNMENT to Judge J. Paul Oetken. Judge Unassigned is no longer assigned to the case. (vba) (Entered: 07/20/2021) |
| 07/20/2021 | | Magistrate Judge Stewart D. Aaron is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf. (vba) (Entered: 07/20/2021) |
| 07/20/2021 | 6 | ORDER granting 4 Letter Motion to Seal: GRANTED. PLAINTIFF SHALL FILE EXHIBIT 1 TO DOCKET NUMBER 1 UNDER SEAL USING THE ECF SEALING FUNCTIONALITY SO THAT IT IS VIEWABLE ONLY TO THE PARTIES AND THE COURT. SO ORDERED. (HEREBY ORDERED by Judge J. Paul Oetken)(Text Only Order) (Oetken, J.) (Entered: 07/20/2021) |
| 07/20/2021 | 7 | ***SELECTED PARTIES***REDACTION to 5 MOTION to Confirm Arbitration *Award*., 1 Petition to Compel/Confirm/Modify/Stay/Vacate Arbitration *(Sealed Exhibit 1 to Dkts. 1 and 5)* by Elizabeth Stafford, International Business Machines CorporationMotion or Order to File Under Seal: 6 .(Liss-Riordan, Shannon) (Entered: 07/20/2021) |
| 07/23/2021 | 8 | WAIVER OF SERVICE RETURNED EXECUTED. International Business Machines Corporation waiver sent on 7/19/2021, answer due 9/17/2021. Document filed by Elizabeth Stafford..(Liss-Riordan, Shannon) (Entered: 07/23/2021) |
| 07/23/2021 | 9 | LETTER MOTION for Extension of Time to File Response/Reply *to Motion to Confirm Arbitration Award* addressed to Judge J. Paul Oetken from Matthew W. Lampe dated July 23, 2021. Document filed by International Business Machines Corporation..(Lampe, Matthew) (Entered: 07/23/2021) |
| 07/23/2021 | 10 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by International Business Machines Corporation..(Lampe, Matthew) (Entered: 07/23/2021) |
| 07/26/2021 | 11 | ORDER granting 9 Letter Motion for Extension of Time to File Response/Reply re 9 LETTER MOTION for Extension of Time to File Response/Reply *to Motion to Confirm* |

| | | |
|---|---|---|
| | | *Arbitration Award* addressed to Judge J. Paul Oetken from Matthew W. Lampe dated July 23, 2021. GRANTED. RESPONDENT SHALL RESPOND TO PETITIONER'S MOTION ON OR BEFORE SEPTEMBER 17, 2021. SO ORDERED. (HEREBY ORDERED by Judge J. Paul Oetken)(Text Only Order) (nd) (Entered: 07/26/2021) |
| 08/05/2021 | 12 | NOTICE OF APPEARANCE by Erika D Cagney on behalf of International Business Machines Corporation..(Cagney, Erika) (Entered: 08/05/2021) |
| 08/11/2021 | | **\*\*\*DELETED DOCUMENT. Deleted document number 13 MOTION for Alison B. Marshall to Appear Pro Hac Vice.. The document was incorrectly filed in this case. (kj)** (Entered: 08/12/2021) |
| 09/03/2021 | 13 | PETITION TO CONFIRM ARBITRATION..Document filed by Elizabeth Stafford. (Attachments: # 1 Exhibit 1 - Sealed, # 2 Exhibit 2 - Corrected, # 3 Exhibit 3).(Liss-Riordan, Shannon) (Entered: 09/03/2021) |
| 09/03/2021 | 14 | MOTION to Confirm Arbitration *Award (replacing incomplete Exhibit 2)*. Document filed by Elizabeth Stafford. (Attachments: # 1 Exhibit 1 - Sealed, # 2 Exhibit 2 - Corrected). (Liss-Riordan, Shannon) (Entered: 09/03/2021) |
| 09/17/2021 | 15 | RESPONSE to 13 Petition to Compel/Confirm/Modify/Stay/Vacate Arbitration. Document filed by International Business Machines Corporation..(Lampe, Matthew) (Entered: 09/17/2021) |
| 09/17/2021 | 16 | RESPONSE in Opposition to Motion re: 14 MOTION to Confirm Arbitration *Award (replacing incomplete Exhibit 2)*. . Document filed by International Business Machines Corporation..(Lampe, Matthew) (Entered: 09/17/2021) |
| 09/17/2021 | 17 | DECLARATION of Matthew W. Lampe in Opposition re: 14 MOTION to Confirm Arbitration *Award (replacing incomplete Exhibit 2)*.. Document filed by International Business Machines Corporation..(Lampe, Matthew) (Entered: 09/17/2021) |
| 09/24/2021 | 18 | LETTER addressed to Judge J. Paul Oetken from Shannon Liss-Riordan dated September 24, 2021 re: Request Permission to File a Reply in Excess of the 10-page limit. Document filed by Elizabeth Stafford..(Liss-Riordan, Shannon) (Entered: 09/24/2021) |
| 09/24/2021 | 19 | REPLY to Response to Motion re: 14 MOTION to Confirm Arbitration *Award (replacing incomplete Exhibit 2)*. . Document filed by Elizabeth Stafford..(Liss-Riordan, Shannon) (Entered: 09/24/2021) |
| 09/27/2021 | 20 | MEMO ENDORSEMENT on re: 18 Letter filed by Elizabeth Stafford requesting permission to file the 15-page reply to IBM's response that she is filing today. ENDORSEMENT: Granted. So Ordered. (Signed by Judge J. Paul Oetken on 9/27/2021) (js) (Entered: 09/27/2021) |
| 12/16/2021 | 21 | LETTER MOTION to Stay *Any Order to Unseal Award Pending Appeal* addressed to Judge J. Paul Oetken from Matthew W. Lampe dated 12/16/2021. Document filed by International Business Machines Corporation..(Lampe, Matthew) (Entered: 12/16/2021) |
| 12/20/2021 | 22 | LETTER addressed to Judge J. Paul Oetken from Shannon Liss-Riordan dated December 20, 2021 re: Opposition to Respondent IBM's Stay Request (Dkt. 21). Document filed by Elizabeth Stafford..(Liss-Riordan, Shannon) (Entered: 12/20/2021) |
| 01/07/2022 | 23 | NOTICE of Supplemental Authority. Document filed by Elizabeth Stafford. (Attachments: # 1 Exhibit A - Docket 42, Lohnn v IBMC.A. 21-cv-6379).(Liss-Riordan, Shannon) (Entered: 01/07/2022) |
| 01/13/2022 | 24 | LETTER addressed to Judge J. Paul Oetken from Matthew W. Lampe dated January 13, 2022 re: Response to Petitioner's 23 Notice of Supplemental Authority. Document filed by |

|            |    | International Business Machines Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B). (Lampe, Matthew) (Entered: 01/13/2022) |
|------------|----|-------------------------------------------------------------------------------------------------------------------------------|
| 01/18/2022 | 25 | LETTER addressed to Judge J. Paul Oetken from Shannon Liss-Riordan dated 01/18/2022 re: the January 13, 2022, letter submitted by Respondent International Business Machines, Corp. (IBM) (Dkt. 24). Document filed by Elizabeth Stafford. (Attachments: # 1 Exhibit A, # 2 Exhibit B).(Liss-Riordan, Shannon) (Entered: 01/18/2022) |
| 04/20/2022 | 26 | ORDER: THE PARTIES ARE DIRECTED TO FILE A JOINT UPDATE ON OR BEFORE APRIL 29, 2022, INFORMING THE COURT OF THE STATUS OF THE PENDING APPEAL IN LOHNN AND WHETHER THE SEALING ISSUE RAISED IN THIS CASE IS MOOT. (HEREBY ORDERED by Judge J. Paul Oetken) (Text Only Order) (egj) (Entered: 04/20/2022) |
| 04/29/2022 | 27 | STATUS REPORT. Document filed by International Business Machines Corporation.. (Lampe, Matthew) (Entered: 04/29/2022) |
| 05/10/2022 | 28 | OPINION AND ORDER re: 21 LETTER MOTION to Stay *Any Order to Unseal Award Pending Appeal* addressed to Judge J. Paul Oetken from Matthew W. Lampe dated 12/16/2021. filed by International Business Machines Corporation, 14 MOTION to Confirm Arbitration *Award (replacing incomplete Exhibit 2).* filed by Elizabeth Stafford. For the foregoing reasons, Stafford's motion to confirm the Final Award is GRANTED and her motion to unseal the Final Award is GRANTED. IBM's motion to stay an order unsealing the Final Award is GRANTED. The parties are directed to confer on any sensitive information about the non-party IBM employee and file proposed redactions under seal within two weeks after the issuance of this Opinion & Order, regardless of whether IBM plans to appeal. The Clerk of Court is directed to unseal Docket Number 7 thirty days after the date of this Opinion and Order, except that Docket Number 7 should remain sealed if IBM files a timely Notice of Appeal. The Clerk of Court is also respectfully directed to close the motions at Docket Numbers 14 and 21. (Signed by Judge J. Paul Oetken on 5/10/2022) (ate) (Entered: 05/11/2022) |
| 05/24/2022 | 29 | ***SELECTED PARTIES*** LETTER addressed to Judge J. Paul Oetken from Matthew W. Lampe dated May 24, 2022 re: Proposed Redacted Award. Document filed by Elizabeth Stafford, International Business Machines Corporation. (Attachments: # 1 Exhibit Proposed Redacted Award)Motion or Order to File Under Seal: 28 .(Lampe, Matthew) (Entered: 05/24/2022) |
| 05/24/2022 | 30 | MOTION to Clarify re: 28 Memorandum & Opinion,,,, . Document filed by International Business Machines Corporation..(Lampe, Matthew) (Entered: 05/24/2022) |
| 05/25/2022 | 31 | ORDER granting 30 Motion re: 30 MOTION to Clarify re: 28 Memorandum & Opinion. Granted. The Court hereby CLARIFIES that, if IBM does not file a timely notice of appeal, the Clerk of Court should unseal the redacted award at Docket Number 29, and should not unseal the unredacted award at Docket Number 7. Because the Clerk's Office does not track cases, the Court will notify the Clerk's Office to unseal Docket Number 29 on June 10, 2022, unless IBM files a timely notice of appeal. (The Clerk is directed to close the motion at Docket No. 30.) So ordered. (Signed by Judge J. Paul Oetken on 5/25/2022) (jca) (Entered: 05/25/2022) |
| 06/06/2022 | 32 | NOTICE OF APPEAL from 31 Order on Motion for Miscellaneous Relief,, 28 Memorandum & Opinion,,,,. Document filed by International Business Machines Corporation. Filing fee $ 505.00, receipt number ANYSDC-26240369. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Lampe, Matthew) (Entered: 06/06/2022) |
| 06/06/2022 |    | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of |

| | | Appeals re: [32] Notice of Appeal. (tp) (Entered: 06/06/2022) |
|---|---|---|
| 06/06/2022 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for [32] Notice of Appeal, filed by International Business Machines Corporation were transmitted to the U.S. Court of Appeals. (tp) (Entered: 06/06/2022) |

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____ )
ELIZABETH STAFFORD, )
 )          Civ. A. No. 21-cv-06164
                         Petitioner )
 )
                 v. )
 )
INTERNATIONAL BUSINESS MACHINES )
CORPORATION, )
 )
                         Respondent )
_____ )

## <u>PETITIONER'S MOTION TO FILE DOCUMENTS UNDER SEAL</u>

Petitioner Elizabeth Stafford hereby moves, in conjunction with her Petition to

Confirm Arbitration Award, to file the Final Award under seal. The Final Award is

attached as Exhibit 1 to both her Petition (Dkt. 1) as well as her Motion to Confirm

(Dkt. 5).

As explained in the Motion to Confirm, Petitioner is seeking to file the award

initially under seal, since IBM's arbitration agreement contains a confidentiality

provision.  However, in her Motion to Confirm, Petitioner requests that the award be

unsealed and made public.

Until IBM is able to respond and the Court is prepared to address the issue,

Petitioner requests that she be permitted to file the Final Award initially under seal.

Dated: July 19, 2021                    Respectfully submitted,

                                        ELIZABETH STAFFORD,

                                        By her attorney,

                                         /s/ Shannon Liss-Riordan
                                        Shannon Liss-Riordan, NY Bar No. 2971927
                                        LICHTEN & LISS-RIORDAN, P.C.
                                        729 Boylston Street, Suite 2000
                                        Boston, MA 02116
                                        (617) 994-5800
                                        Email: sliss@llrlaw.com

### CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on July 19, 2021, she filed and

served the foregoing document via the Court's CM/ECF system, which will send notice

of the filing to all counsel of record. Parties may access the filing through the Court's

CM/ECF system.

                                         /s/ Shannon Liss-Riordan
                                        Shannon Liss-Riordan

2

**JA07**

# FILED UNDER SEAL
# JA08–JA21

Final Arbitration Award
Dist. Ct. ECF No. 7 (July 20, 2021)

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

———————————————————————— )
ELIZABETH STAFFORD,                 )
                          )    Civ. A. No. _____
             Petitioner      )
                          )
            v.                )
                          )
INTERNATIONAL BUSINESS MACHINES    )
CORPORATION,                  )
                          )
            Respondent    )
———————————————————————— )

## PETITION TO CONFIRM ARBITRATION AWARD

Elizabeth Stafford hereby petitions this Court, pursuant to 9 U.S.C. § 9 and § 207, for an order confirming an arbitration award she obtained on July 12, 2021, in connection with an arbitration claim she filed against Respondent International Business Machines Corporation ("IBM"). The award is attached here as Exhibit 1.[1] Petitioner requests that, pursuant to 9 U.S.C. § 13, the Court enter a judgment in accordance with the confirmed award.

### I.   The Parties

1. Elizabeth Stafford is a resident of Ridgefield, Connecticut.

2. Respondent IBM is a New York corporation with its principal place of business in Armonk, New York. IBM is an American multinational technology business that

———————————————

[1]   Pursuant to the confidentiality provision in IBM's arbitration agreement, Petitioner is filing the award under seal, along with a motion to file it under seal. However, as discussed in her Motion to Confirm that she is concurrently filing, Petitioner requests that the Court order that the award be unsealed so that it is accessible to the public.

offers services and goods ranging from computing, cloud platforms, advanced analytics tools, and others.

## II. Jurisdiction and Venue

3. This Court has jurisdiction pursuant to 9 U.S.C. § 9 and § 204 because the arbitration award for which confirmation is sought was issued in this District and was made pursuant to an arbitration agreement that provides that "[a]ny judgment or award issued by an arbitrator may be entered in any court of competent jurisdiction." See Exhibit 2, at 2.

4. Venue lies in this District under 9 U.S.C. § 9 and § 204 because the arbitration award for which confirmation is sought was issued in this District. Venue is also proper under 28 U.S.C. § 1391 because the matter arises from an arbitration conducted and an award issued in this District, and because IBM's principal place of business is in Armonk, New York.

## III. Basis of and Claim for Relief

5. Elizabeth Stafford is a former employee of IBM who was terminated in June 2018.

6. Prior to her termination, Ms. Stafford entered into a Separation Agreement with IBM that included an arbitration agreement, which is attached here as Exhibit 2.

7. The Separation Agreement included a release of various legal claims. However, it expressly did not include a release of federal claims of age discrimination under the Age Discrimination in Employment Act, as amended ("ADEA"), 29 U.S.C. § 621 et seq.

8. The agreement provided that if the terminated employee chose to pursue a claim of age discrimination under the ADEA, it would have to be filed in arbitration.

9. Pursuant to this provision, Ms. Stafford filed an arbitration demand against IBM on January 17, 2019.

10. On April 3, 2019, an arbitrator was appointed.

11. An arbitration hearing was held on March 9-11, 2021.

12. On July 12, 2021, the arbitrator entered a Final Award.

13. Pursuant to 9 U.S.C. § 9, this Petition to confirm is brought within one year after the Final Award was issued.

14. Petitioner has not made a prior application to this Court, or any other court, for the relief requested in this Petition.


## COUNT I

### CONFIRMATION OF ARBITRATION AWARD UNDER THE FEDERAL ARBITRATION ACT, 9 U.S.C. § 1 *et seq.*

Petitioner has satisfied the requirements for confirmation and entry of judgment on a final award, pursuant to the Federal Arbitration Act, as well as pursuant to IBM's arbitration agreement. IBM's arbitration agreement provides that "[a]ny judgment or award issued by an arbitrator may be entered in any court of competent jurisdiction." By reason of the foregoing, this Court should issue an order confirming the arbitration award attached hereto as Exhibit 1 and direct that judgement be entered thereon.

3

**WHEREFORE,** Petitioner Elizabeth Stafford requests that the Court enter the following relief:

a.  An order, pursuant to 9 U.S.C. § 9 and § 207, confirming the arbitration award attached hereto as Exhibit 1; and

b.  Enter judgment thereon pursuant to 9 U.S.C. § 13.

Dated July 19, 2021

Respectfully submitted,

ELIZABETH STAFFORD,

By her attorney,

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, NY Bar No. 2971927
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  sliss@llrlaw.com

**JA25**

# EXHIBIT 2

JPMorgan Chase          7/5/2018 12:51:47 PM   PAGE   2/004   Fax Server

*525538*
*1/31/19*

## Attachment 2:  Resource Action Separation Agreement

You are being offered payments and benefits as part of a resource action that you otherwise would not have been entitled to receive. You will receive and be entitled to keep these payments and benefits only if you accept and comply with all terms of this Agreement. This Agreement requires you to release IBM and related parties from claims you may have as described below. This Agreement also requires you to arbitrate certain claims that are not released on an individual basis.

By accepting this Agreement and the benefits and payments it provides, you agree that if you choose to pursue certain claims that are not released under this Agreement, then such claims must be submitted to arbitration on an individual basis as provided below and may not be pursued in court.

You should thoroughly review and understand the effect of this Agreement before you accept it.

The Resource Action Summary Plan Description is the only document that describes your eligibility for the payments and benefits you are being offered under this Agreement. Any other written or oral representations, promises, or other agreements of any kind made to you in connection with your decision to accept this Agreement will not be recognized.

### 1.  Definitions of certain words used in this agreement

For purposes of this Agreement and its attachment, certain words have specific definitions.

- "Agreement" means this Separation Agreement.
- "IBM" means International Business Machines Corporation and all of its subsidiary and affiliated companies and all of their respective former or current directors, officers, employees, agents, and benefits plans (and fiduciaries, insurers or other agents of those plans), and all successors and assigns of these entities or individuals.
- "You" or "your" means you and anyone acting as your representative, successor or heir.
- "Release" means your waiver of claims as specified below.

### 2.  What you release by accepting this agreement

By accepting this Agreement you release IBM from ALL claims that you may have against it at the time of accepting, whether or not related to your employment with IBM or the termination of your employment (EXCEPT FOR THOSE SPECIFICALLY IDENTIFIED IN SECTION 3), and including, without limitation:

- all claims arising under any federal, state, local or foreign law dealing with or regulating employment, including, but not limited to:  (1) laws prohibiting discrimination and/or harassment based on race, national origin, ancestry, color, creed, religion, sex, gender, sexual orientation, gender identity and/or expression, genetic information, pregnancy, marital status, disability, medical condition, veteran status, or any other statutorily protected status, as well as claims in any forum alleging retaliation; (2) family and medical leave; (3) claims arising under the Employee Retirement Income Security Act of 1974 ("ERISA"); and (4) all waivable claims related to wages and hours, including under state or local labor or wage payment laws
- all state and local laws prohibiting discrimination on the basis of age
- claims based on contract, tort, or any other legal theory
- all claims whether or not you know about them at the time you accept this Agreement
- any right to raise or pursue any internal appeals, including but not limited to those eligible for review under the IBM Open Door and Panel Review Programs related to  a claim that you release under this Agreement
- if you have worked or are working in California, you expressly agree to waive the protection of section 1542 of the California Civil Code because you are releasing all claims, whether they are known or unknown; Section 1542 of the California Civil Code states:
    - o  "A general release does not extend to claims which a creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."
    - o  In the event that you do not understand the waiver of your rights under section 1542 or its legal effect on you, you should talk to a lawyer.

*Separation Agreement Page 1 of 3, 1/2018*

**JA27**

IBM_STAFFORD_000069

**3. What you do not release by accepting this agreement**

By accepting this Agreement, you do not release:

- any claims that arise after the date you accept this Agreement
- any claims that by law cannot be waived by private agreement without judicial or governmental supervision, such as under the federal Fair Labor Standards Act of 1938, provided however such claims are subject to arbitration on an individual basis as described below
- any claims that IBM failed to pay wages that IBM acknowledged were due and owing at the time you accept this Agreement
- your right to file a charge with or participate in any investigation or proceeding conducted by the U.S. Equal Employment Opportunity Commission (EEOC) or other government agency; even though you can file a charge or participate in an investigation or proceeding conducted by the EEOC or other government agency, by accepting this Agreement you are waiving your ability to obtain relief of any kind from IBM to the extent permitted by law. **Notwithstanding the foregoing, you are not prohibited from receiving an award for information provided to any government agency as permitted under law.**
- your non-forfeitable rights to accrued benefits (within the meaning of sections 203 and 204 of the Employee Retirement Income Security Act of 1974) under the IBM Personal Pension Plan, the IBM Retirement Plan and the IBM 401(k) Plus Plan
- any right you may have to challenge the validity of this Agreement
- your right to enforce this Agreement and to receive the benefits and payments pursuant to the Resource Action Plan
- any claim under the Federal Age Discrimination in Employment Act of 1967 or the West Virginia Human Rights Act, provided however such claims are subject to arbitration on an individual basis as described below
- your ability to comply with any lawful subpoena or court order or taking any other actions affirmatively authorized by law.

**4. You can take up to 30 days before accepting this agreement**

You can take up to thirty (30) days from the date you received this Agreement (even if your employment will end sooner) or until your last date of employment, whichever is longer, to consider this Agreement and the accompanying separation program information. If you accept this Agreement before the expiration of the 30-day period, you acknowledge that you knowingly and voluntarily waived the ability to wait the full 30 days. Employees may not accept the Agreement before their last date of employment with IBM.

FOR EMPLOYEES WORKING IN MINNESOTA ONLY: this Agreement is not effective for FIFTEEN DAYS after you accept it. You can revoke this Agreement during that time. To revoke this Agreement, your manager or the Project Office must receive a written notice of revocation from you within that time period. You understand that if you do revoke, you will not be entitled to any payments or benefits under this Agreement or the resource action.

**5. Arbitration and waiver of class claims and jury trial**

You agree that any and all legal claims or disputes between you and IBM under the federal Age Discrimination in Employment Act of 1967 (ADEA) or the West Virginia Human Rights Act, as well as any and all claims or disputes between you and IBM that have not or cannot be released by private agreement as a matter of law (such as under the federal Fair Labor Standards Act of 1938 (FLSA)) (collectively "Covered Claims") will be resolved on an individual basis by private, confidential, final and binding arbitration according to the IBM Arbitration Procedures and Collective Action Waiver (which are attached and incorporated as part of this Agreement) and under the auspices of JAMS, or if there is no JAMS office within 100 miles of your most recent assigned IBM office location, then an arbitration forum provider to be mutually agreed to by the parties. Regardless of the designated arbitration administrator, the arbitration shall be held in accordance with the JAMS Employment Arbitration Rules & Procedures. You understand and agree that you are giving up your right to a court action for Covered Claims, including any right to a trial before a judge or jury in federal or state court. This agreement to arbitrate does not apply to government agency proceedings.

*Separation Agreement Page 2 of 3, 1/2018*

IBM_STAFFORD_000070

To the maximum extent permitted by applicable law, you agree that no Covered Claims may be initiated, maintained, heard or determined on a class action, collective action or multi-party basis either in court or in arbitration, and that you are not entitled to serve or participate as a class action member or representative or collective action member or representative or receive any recovery from a class or collective action involving any Covered Claims either in court or in arbitration.

You further agree that if you are included within any class action or collective action in court or in arbitration involving a Covered Claim, you will take all steps necessary to opt-out of the action or refrain from opting in, as the case may be. Any issue concerning the validity or enforceability of this Agreement, including the class action or collective action waivers contained in this section, shall be decided only by a court of competent jurisdiction. Any issue concerning the arbitrability of a particular issue or claim pursuant to this section (except for issues concerning the enforceability of the class action or collective action waivers) must be resolved by the arbitrator and not a court.

This arbitration agreement shall not prohibit applications for temporary or preliminary injunctive relief in aid of arbitration or for the maintenance of the status quo pending arbitration. Your agreement to arbitrate certain claims pursuant to this Agreement shall not prohibit you from filing a charge or complaint with and seeking relief from the U.S. Equal Employment Opportunity Commission, the National Labor Relations Board, the U.S. Department of Labor, the Occupational Safety and Health Commission, or any other federal, state or local administrative agency concerning claims that are not released under this Agreement.

This agreement to arbitrate claims shall be governed by and interpreted in accordance with the Federal Arbitration Act ("FAA"). If for any reason the FAA is held inapplicable to this Agreement, then the State of New York's law of arbitrability shall apply.

### 6. Enforceability

If any part of this Agreement other than the class action or collective action waiver is held to be invalid or unenforceable, the remaining provisions of this Agreement will not be affected in any way, except that if your release of claims or agreement to arbitrate Covered Claims is held to be unenforceable, then at its option IBM may seek to recover to the maximum extent permitted by law the payments and value of benefits that you received under this Agreement. If the class action or collective action waiver provisions associated with a Covered Claim are held to be invalid or unenforceable, then any class action or collective action involving such Covered Claim(s) must be brought in court and not in arbitration

Except as otherwise noted, this Agreement will be governed by the substantive laws of New York.

By accepting this Agreement, you acknowledge that you fully understand any and all rights you have with respect to the claims you are releasing and your agreement to arbitrate Covered Claims. You agree that the payments and benefits you have or will receive under this Agreement are good and valuable consideration for entering into this Agreement. You acknowledge that you have been provided adequate time to consult with a lawyer or other advisor of your own choosing before entering into this Agreement. You further agree that you are voluntarily signing this Agreement without any threats, coercion or duress, whether economic or otherwise, and that you intend to be bound by the terms of this Agreement.

YOU ARE ADVISED TO CONSULT WITH A LAWYER BEFORE YOU ACCEPT THIS AGREEMENT

Employee Name (print): _Elizabeth Stafford_

Serial #: _525538_

Signature: _Elizabeth Stafford_

Date: _6-28-18_

_Separation Agreement Page 3 of 3, 1/2018_

IBM_STAFFORD_000071

## Attachment 3:  Arbitration Procedure and Collective Action Waiver (Attachment to Separation Agreement)

IBM is committed to administering its employment policies fairly and treating all employees with respect and dignity. Occasionally, however, disagreements may arise between an individual employee and IBM or between employees in a context that involves IBM.  IBM believes that the resolution of those types of disagreements is best accomplished through internal dispute resolution processes.

For many decades, IBM employees have had several options to initiate a thorough and timely review of their work-related concerns when they are unable to reach a resolution with their managers.  The IBM Open Door Process is one of these options, and IBM's experience makes us confident that it is a highly effective way to resolve employee concerns.  The Open Door Process is offered as the primary dispute resolution forum for IBMers.

IBM recognizes, however, that from time to time IBM and its employees may desire an additional option to have their concerns reviewed. To that end, IBM has introduced the following Arbitration Program which is a private and confidential dispute resolution procedure in which the parties present their respective positions concerning certain claims to an impartial third-party arbitrator who determines the merits of the claims and renders a final and binding decision.  The rules and procedures governing IBM's arbitration program are set forth below.

Covered Claims: Individuals who accept the payments and benefits of the Resource Action Plan are required to submit any and all "Covered Claims" to final and binding arbitration, and waive their right to a court action of such claims, including any right to a trial before a judge or jury in federal or state court.  "Covered Claims" are any and all legal claims or disputes between the employee and IBM under the federal Age Discrimination in Employment Act of 1967 ("ADEA") or the West Virginia Human Rights Act, as well as any and all claims or disputes that have not or cannot be released by private agreement as a matter of law (such as under the federal Fair Labor Standards Act of 1938 (FLSA)).

These Arbitration Procedures shall not prohibit applications for temporary or preliminary injunctive relief in aid of arbitration or for the maintenance of the status quo pending arbitration.

WAIVERS: TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, YOU AND IBM  AGREE THAT NO COVERED CLAIMS MAY BE INITIATED, MAINTAINED, HEARD, OR DETERMINED ON A MULTIPARTY, CLASS ACTION BASIS OR COLLECTIVE ACTION BASIS EITHER IN COURT OR IN ARBITRATION, AND THAT YOU ARE NOT ENTITLED TO SERVE OR PARTICIPATE AS A CLASS ACTION MEMBER OR REPRESENTATIVE, OR COLLECTIVE ACTION MEMBER OR REPRESENTATIVE, OR RECEIVE ANY RECOVERY FROM A CLASS OR COLLECTIVE ACTION INVOLVING COVERED CLAIMS EITHER IN COURT OR ARBITRATION.  You further agree that if you are included within any class action or collective action in court or in arbitration involving a Covered Claim, you will take all steps necessary to opt-out of the action or refrain from opting in, as the case may be.  Any issue concerning the validity or enforceability of any of the class action or collective action Waivers included as part of your agreement to arbitrate certain claims shall be decided only by a court of competent jurisdiction.  Any issue concerning the arbitrability of a particular issue or claim (except for issues concerning the enforceability of the class action or collective action Waivers) must be resolved by the arbitrator and not a court.  Your agreement to arbitrate Covered Claims does not preclude you from pursuing or participating in a class action or collective action in court where your claim is based solely on your status as a customer or an investor and does not arise out of or in any way relate to your employment relationship with the Company.

### Pre-Arbitration Dispute Resolution

You are strongly encouraged to first resolve any Covered Claims informally through the IBM Open Door Process (Appeals@us.ibm.com) or the Project Office.  If you are not satisfied and wish to pursue your matter further, then you are encouraged to request a mediation wherein you and IBM will attempt to find common ground to voluntarily resolve your Covered Claims with the aid of a neutral third party not employed by IBM. You can request mediation through the IBM Open Door Process by contacting Appeals@us.ibm.com. If mediation does not result in resolution of your Covered Claims, then you still have the option of pursuing arbitration by following the procedures set forth below.

*Arbitration Procedure and Collective Action Waiver Page 1 of 3, 1/2018*

## Arbitration Procedures

Covered Claims will be resolved by arbitration conducted under the auspices of JAMS, or if there is no JAMS office within 100 miles of your most recent assigned IBM office location, then an arbitration forum provider to be mutually agreed to by the parties in writing. Regardless of the designated arbitration administrator, the arbitration shall be held in accordance with the JAMS Employment Arbitration Rules & Procedures (and no other rules), which are currently available at http://www.jamsadr.com/rules-employment-arbitration. IBM will supply you with a printed copy of those rules upon your request. The arbitration shall be conducted before a single arbitrator unless all parties to the arbitration agree otherwise in writing. Arbitration shall be held in the county in which you worked or work for IBM at the time the claim arose, or if not possible, in the county closest to such location. To the extent any of the terms, conditions or requirements of the arbitration procedures in this document conflict with the applicable Arbitration Rules, the terms, conditions or requirements of the procedures in this document shall govern.

In any arbitration, the parties may file and the arbitrator shall hear and decide at any point in the proceeding motions permitted by the Federal Rules of Civil Procedure, including by not limited to motions to compel discovery, motions for protective orders, motions to dismiss, motions for summary judgment, and motions in limine, but not motions to consolidate claims, parties or actions. The Arbitrator shall apply the substantive law (and the law of remedies, if applicable) of the state in which the claim arose, or federal law, or both, as applicable to the claim(s) asserted. The Arbitrator is without jurisdiction to apply any different substantive law or law of remedies. The Federal Rules of Evidence shall apply. Arbitrators are required to issue a written award, and their award shall be final and binding. Any judgment or award issued by an arbitrator may be entered in any court of competent jurisdiction.

## Reconsideration and Review

Either party shall have the right, within twenty (20) days of issuance of the Arbitrator's decision, to file with the Arbitrator (and the Arbitrator shall have jurisdiction to consider and rule upon) a motion to reconsider (accompanied by a supporting brief), and the other party shall have twenty (20) days from the date of the motion to respond. The Arbitrator thereupon shall reconsider the issues raised by the motion and, promptly, either confirm or change the decision, which (except as provided by law) shall then be final and conclusive upon the parties.

Either party may bring an action in any court of competent jurisdiction to compel arbitration under this Agreement and to enforce an arbitration award.

## Remedies

You and IBM agree the arbitrator(s) is authorized to award any party the full remedies that would be available to such party if the Covered Claim had been filed in a court of competent jurisdiction, including attorneys' fees and expert fees and costs, to the same extent as would a court under applicable law.

## Time Limits and Procedure for Initiating Arbitration

To initiate arbitration, you must submit a written demand for arbitration to the IBM Arbitration Coordinator no later than the expiration of the statute of limitations (deadline for filing) that the law prescribes for the claim that you are making or, if the claim is one which must first be brought before a government agency, no later than the deadline for the filing of such a claim. If the demand for arbitration is not timely submitted, the claim shall be deemed waived. The filing of a charge or complaint with a government agency or the presentation of a concern through the IBM Open Door Program shall not substitute for or extend the time for submitting a demand for arbitration.

To initiate arbitration, you must pay the equivalent of the filing fee for the court of general jurisdiction in the state where you last worked for IBM. IBM shall pay 100 percent of the required arbitration administration fee in excess of your payment.

The written demand for arbitration shall be submitted to the IBM Arbitration Coordinator, IBM Corporate Litigation, North Castle Drive, Armonk, New York 10504, with a check for your payment of the filing fee made payable to "International Business Machines Corporation."

Your written demand shall set forth the dispute, including the alleged act or omission at issue and the names of all persons allegedly involved in the act or omission; your name, address, telephone number, and email address; and your IBM employee serial number. IBM will promptly file the demand with the appropriate arbitration administrator, together with the applicable administrative fee as provided in the arbitration administrator's fee schedule.

*Arbitration Procedure and Collective Action Waiver Page 2 of 3, 1/2018*

## Representation

Any party may be represented by an attorney for purposes of arbitrating a Covered Claim. Each party is responsible for payment of its own costs and attorneys' fees, unless otherwise awarded by the Arbitrator under the standards provided by law.

## Discovery

Each party shall have the right to take depositions of three fact witnesses and any expert witness designated by another party. Each party also shall have the right to make requests for production of documents to any party and to subpoena documents from third parties to the extent allowed by law. Requests for additional depositions or discovery may be made to the Arbitrator selected pursuant to this Agreement. The Arbitrator may grant such additional discovery if the Arbitrator finds that the party has demonstrated that it needs that discovery to adequately arbitrate the claim, taking into account the parties' mutual desire to have a speedy, less-formal, cost-effective dispute-resolution mechanism.

## Privacy and Confidentiality

Privacy and confidentiality are important aspects of arbitration. Only parties, their representatives, witnesses and necessary administrative staff of the arbitration forum may attend the arbitration hearing. The arbitrator may exclude any non-party from any part of a hearing.

To protect the confidentiality of proprietary information, trade secrets or other sensitive information, the parties shall maintain the confidential nature of the arbitration proceeding and the award. The parties agree that any information related to the proceeding, such as documents produced, filings, witness statements or testimony, expert reports and hearing transcripts is confidential information which shall not be disclosed, except as may be necessary to prepare for or conduct the arbitration hearing on the merits, or except as may be necessary in connection with a court application for a preliminary remedy, a judicial challenge to an award or its enforcement, or unless otherwise required by law or judicial decision by reason of this paragraph.

## Designation of Witnesses

At least 30 days before the arbitration, the parties must exchange lists of witnesses, including any experts, and copies of all exhibits intended to be used at the arbitration.

## Subpoenas

Each party shall have the right to subpoena witnesses and documents to the extent allowed by law, subject to any limitations the Arbitrator shall impose for good cause shown.

*Arbitration Procedure and Collective Action Waiver Page 3 of 3, 1/2018*

# Exhibit 3



# APPOINTMENT OF ARBITRATOR

NOTICE TO ALL PARTIES                                    April 3, 2019

      Re:    Stafford, Elizabeth vs. International Business Machines Corp.
              Reference #:  1425028760

Dear Parties:

Mr. Mark E. Segall Esq. has been appointed Arbitrator in the above-referenced matter.  In accordance with the JAMS Employment Arbitration Rules no party may have *ex-parte* communications with the Arbitrator.  Any necessary communication with the Arbitrator must be initiated through the case manager.

The Arbitrator will bill in accordance with the enclosed Fee Schedule. The arbitration will be administered consistent with the enclosed JAMS Policy on Employment Arbitration, Minimum Standards of Procedural Fairness.  According to this Policy, the only fee a consumer employee may be required to pay is $400 of the Filing Fee.  All other costs, including the remainder of the Filing Fee, must be borne by the company. JAMS will also administer the case consistent with JAMS Cancelation/Continuance policy.  Any party who cancels or continues a hearing after the deadline will be responsible for 100% of the professional fees unless we can fill the reserved but unused time with another matter.

JAMS agreement to render services is not only with the parties, but extends to the attorney or other representative of the parties in arbitration.  Under appropriate circumstances, the Arbitrator may award JAMS fees and expenses against any party.

The paying party has been billed a preliminary retainer to cover the expense of all pre-hearing work, such as reading, drafting of orders, and conference calls.  Enclosed is an invoice for this retainer.  Upon receipt of payment, a Preliminary Arbitration Management Conference Call will be scheduled with the Arbitrator.

Your new contact person for this file is Brittany Faulconbridge, Case Manager to Mr. Mark E. Segall Esq..

Brittany Faulconbridge
620 Eighth Avenue (NY Times Building)
34th Floor
New York, NY 10018
Phone: 212-751-2700
Fax: 212-801-1743
Email: BFaulconbridge@jamsadr.com

**JA34**

Contact me at 212-607-2787 or dduzant@jamsadr.com if you have questions.

Sincerely,

Douglas Duzant
ADR Specialist
dduzant@jamsadr.com

Enclosure

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____ )
                                        )
ELIZABETH STAFFORD,                     )
                                        )
                    Petitioner          )       Civ. A. No. 21-cv-06164
                                        )
        v.                              )
                                        )
INTERNATIONAL BUSINESS MACHINES         )
CORPORATION,                            )
                                        )
                    Respondent          )
_____ )

## PETITIONER'S MOTION TO CONFIRM ARBITRATION AWARD

Petitioner Elizabeth Stafford hereby moves to confirm the arbitration award she

obtained in connection with her claim against International Business Machines

Corporation ("IBM") of age discrimination in violation of the Age Discrimination in

Employment Act, as amended ("ADEA"), 29 U.S.C. § 621 *et seq.* claim.  The Final

Award entered on her claim on July 12, 2021, is attached here as Exhibit 1.  Petitioner

moves to confirm her arbitration award pursuant to IBM's arbitration agreement, as well

as the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*

IBM's arbitration agreement provides that "[a]ny judgment or award issued by an

arbitrator may be entered in any court of competent jurisdiction." See Exhibit 2, at 2.

The FAA provides that, absent modification or vacatur of the award, a court "must grant"

a timely request for an order confirming an arbitration award. See 9 USCA § 9; see also

Teamsters Local 177 v. United Parcel Service, 966 F.3d 245, 248 (3d. Cir. 2020) ("The

FAA not only authorizes, but mandates, that district courts confirm arbitration awards by

converting them into enforceable judgments through a summary proceeding."). "[T]he

**JA36**

confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." <u>Florasynth, Inc. v. Pickholz</u>, 750 F.2d 171, 176 (2d Cir. 1984).

Petitioner is concurrently seeking to file the award under seal pursuant to the "Privacy and Confidentiality" clause of IBM's Arbitration Procedure (<u>see</u> Exhibit 2, at 3). However, Petitioner requests that the Court exercise its inherent authority to unseal this award so that the public may access it.[1]  As this Court has previously found, the "mere

---

[1]     Numerous individuals have brought age discrimination claims against IBM over the last several years, alleging that the company has systemically been forcing out older employees in order to build a younger workforce (to help it compete with younger and "hipper" technology companies such as Google, Salesforce, and Amazon).  <u>See</u>, <u>e.g.</u>, <u>Rusis v. International Business Machines Corp.</u>, No. 18-CV-8434 (VEC) (S.D.N.Y.); <u>Langley v. International Business Machines Corp.</u>, No. A-18-CV-443-LY (W.D. Tex.); <u>Iacono v. International Business Machines Corp.</u>, No. CV 17-8083-FMO (PLAx) (C.D. Cal.); <u>Lee v. IBM</u>, No. 3:20-cv-3684 (N.D. Tex.); <u>Wagner v. International Business Machines Corp.</u>, No. 1:20-cv-00194-SAG (D. Md.).  In addition to these federal lawsuits, as discussed in the <u>Rusis</u> case, many individuals have pursued these claims in individual arbitration, pursuant to IBM's arbitration agreement which it required employees to sign in order to obtain a modest one to three-month severance payment. IBM included a confidentiality provision in its arbitration agreement (which also contains a class action waiver) in an attempt to prevent employees from sharing information obtained in their cases with other employees, including the results of these arbitrations, thus severely hampering the ability of individuals pursuing these claims to "obtain[] the information needed to build a case". <u>Ting v. AT&T</u>, 319 F.3d 1126, 1152 (9th Cir. 2003).
    A number of courts have found such confidentiality provisions in arbitration agreements to be unconscionable. <u>See id.</u>; <u>Bragg v. Linden Research, Inc.</u>, 487 F. Supp. 2d 59 (E.D. Pa. 2007) (finding a confidentiality clause within an arbitration agreement to be unconscionable because it allows a company to "place[] itself in a far superior legal posture by ensuring that none of its potential opponents have access to precedent" and "[t]he unavailability of arbitral decisions could also prevent potential plaintiffs from obtaining the information needed to build a case of intentional misconduct against a company."); <u>see also</u> <u>Zuver v. Airtouch Communications, Inc.</u>, 153 Wn.2d 293, 299 (Wash. 2004) ("keeping past findings secret undermines an employee's confidence in the fairness and honesty of the arbitration process, and thus potentially discourages that employee from pursuing a valid discrimination claim."); <u>Kinkel v. Cingular Wireless LLC</u>, 223 Ill. 2d 1, 42 (Ill. 2006) (finding that confidentiality provisions may be unconscionable when coupled with class action waivers, because such provisions

---

2

existence of a confidentiality agreement ... does not demonstrate that sealing is necessary." Church Ins. Co. v. ACE Property & Cas. Ins. Co., 2010 WL 3958791 at *3 (S.D.N.Y. 2010) (denying party's request to seal documents), quoting Mutual Marine Office, Inc. v. Transfercom Ltd., 2009 WL 1025965 at *5 (S.D.N.Y. 2009).[2]

Accordingly, this Court should confirm the attached arbitration award, pursuant to 9 U.S.C. § 9, and should order that it be unsealed.


Dated: July 19, 2021                    Respectfully submitted,

                                        ELIZABETH STAFFORD,

                                        By her attorney,

                                         /s/ Shannon Liss-Riordan
                                        Shannon Liss-Riordan, NY Bar No. 2971927
                                        LICHTEN & LISS-RIORDAN, P.C.
                                        729 Boylston Street, Suite 2000
                                        Boston, MA 02116
                                        (617) 994-5800
                                        Email:  sliss@llrlaw.com

---

prevent "the claimant [and] her attorney [from] shar[ing] [] information with other potential claimants.").

[2]     See also Utica Mutual Insurance Company v. INA Reinsurance Company, 2012 WL 13028279 (N.D.N.Y. June 12, 2012) ("The law grants a presumption of public access to judicial documents . . . and the confidentiality order in the arbitration does not entitle Utica to '... transfer the privileges of [its] private arbitration to a public judicial forum.'"), quoting Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d. Cir. 2006) and Standard Chartered Bank International (Americas) Ltd. v. Calvo, 757 F.Supp.2d 258, 260 (S.D.N.Y. 2010)."); see also Global Reinsurance Corp.-U.S. Branch v. Argonaut Ins. Co., 2008 WL 1805459 at *2 (S.D.N.Y. 2008) (granting respondent's motion to reconsider its earlier sealing order and unsealing the final arbitration award in a proceeding to confirm where the petitioner had failed to demonstrate why the presumption of access should be overcome); Sony Ericsson Mobile Communications AB v. Delta Electronics Public Company Ltd., 2009 WL 959639 at *2 (S.D.N.Y. 2009) ("[t]he fact that arbitral proceedings in this case may have been confidential under the arbitral rules or the arbitration clause at issue does not necessitate that they be kept confidential in these proceedings.").

### CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on July 19, 2021, she filed and

served the foregoing document via the Court's CM/ECF system, which will send notice

of the filing to all counsel of record. Parties may access the filing through the Court's

CM/ECF system.

         _/s/ Shannon Liss-Riordan_____
            Shannon Liss-Riordan

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ELIZABETH STAFFORD,

                    Petitioner,

        v.

INTERNATIONAL BUSINESS MACHINES
CORPORATION,

                 Respondent.

    Case No. 1:21-cv-06164

ECF Case

---

## RESPONDENT'S PARTIAL OPPOSITION TO PETITIONER'S MOTION TO CONFIRM

INTRODUCTION .................................................................................................... 1

BACKGROUND ..................................................................................................... 3

ARGUMENT .......................................................................................................... 4

I.      IBM DOES NOT OPPOSE CONFIRMATION OF THE FINAL AWARD. ................... 4

II.     IBM OPPOSES STAFFORD'S REQUEST TO UNSEAL THE FINAL AWARD. ........ 5

      A.     Stafford lacks standing to seek unsealing because she has no personal interest at stake. ......................................................................................... 5

      B.     Stafford is equitably estopped from seeking to unseal because she agreed to maintain confidentiality. ................................................................... 7

      C.     The "public access" factors do not favor unsealing in this case. ........................ 9

      D.     Allowing unsealing would violate the strong federal policy in favor of protecting arbitral confidentiality. ..................................................... 15

CONCLUSION ...................................................................................................... 17

i

# TABLE OF AUTHORITIES

**Page**

CASES

*Aioi Nissay Dowa Ins. Co. Ltd. v. Prosight Specialty Mgmt. Co.*,
    2012 U.S. Dist. LEXIS 118233 (S.D.N.Y. Aug. 21, 2012) (Oetken, J.) .................................16

*Aioi Nissay Dowa Ins. Co. Ltd. v. Prosight Specialty Mgmt. Co.*,
    No. 1:12CV03274 (S.D.N.Y May 14, 2012) .........................................................................17

*Am. Fam. Life Assurance Co. of New York v. Baker*,
    778 F. App'x 24 (2d Cir. 2019) ............................................................................................18

*AT&T Mobility LLC v. Concepcion*,
    563 U.S. 333 (2011)......................................................................................................18, 19

*Bragg v. Linden Research, Inc.*,
    487 F. Supp. 2d 59 (E.D. Pa. 2007) .....................................................................................19

*Chatziplis v. PWC LLP*,
    2018 WL 3323820 (S.D.N.Y. July 6, 2018) .........................................................................19

*Church Ins. Co. v. Ace Prop. & Cas. Ins. Co.*,
    2010 WL 3958791 (S.D.N.Y. Sept. 23, 2010)......................................................................17

*Damato v. Time Warner Cable, Inc.*,
    2013 WL 3968765 (E.D.N.Y. July 31, 2013)........................................................................19

*DiRussa v. Dean Witter Reynolds, Inc.*,
    936 F. Supp. 104 (S.D.N.Y. 1996)........................................................................................16

*Gelb v. Am. Tel. & Tel. Co.*,
    813 F. Supp. 1022 (S.D.N.Y. 1993)......................................................................................16

*Glob. Reinsurance Corp.-U.S. Branch v. Argonaut Ins. Co.*,
    2008 WL 1805459 (S.D.N.Y. Apr. 21, 2008), *as amended* (Apr. 24, 2008).........................17

*GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*,
    769 F. Supp. 2d 630 (S.D.N.Y. 2011)...................................................................................15

*Guyden v. Aetna, Inc.*,
    544 F.3d 376 (2d Cir. 2008)..................................................................................................18

*Hernandez v. Office of the Comm'r of Baseball,*
    2021 U.S. Dist. LEXIS 62700 (S.D.N.Y. Mar. 31, 2021) (Oetken, J.) ...................................15

*IIT v. Int'l Controls Corp.,*
    2009 U.S. Dist. LEXIS 89338 (S.D.N.Y. Sep. 21, 2009) .........................................................9

*Isaacs v. OCE Bus. Servs.,*
    968 F. Supp. 2d 564 (S.D.N.Y. 2013) ....................................................................................19

*Kinkel v. Cingular Wireless LLC,*
    223 Ill. 2d 1 (Ill. 2006) ..........................................................................................................19

*Kopple v. Stonebrook Fund Mgmt., LLC,*
    21 Misc. 3d 1144(A), 875 N.Y.S.2d 821 (Sup. Ct. 2004), *aff'd,* 18 A.D.3d
    329, 794 N.Y.S.2d 648 (2005) ...............................................................................................19

*Lugosch v. Pyramid Co. of Onondaga,*
    435 F.3d 110 (2d Cir. 2006) ............................................................................................13, 14

*Mut. Marine Off., Inc. v. Transfercom Ltd.,*
    No. 08 CIV. 10367 (PGG), 2009 WL 1025965 (S.D.N.Y. Apr. 15, 2009) .............................17

*N.Y. Cent. Mut. Fire Ins. Co. v. Edwards,*
    2009 U.S. App. LEXIS 1783 (2d Cir. Jan. 30, 2009) .......................................................11, 12

*Nassau Trust Co. v. Montrose Concrete Prods. Corp.,*
    56 N.Y.2d 175, 451 N.Y.S.2d 663, 436 N.E.2d 1265 (1982) .................................................11

*Raines v. Byrd,*
    521 U.S. 811 (1997) ...............................................................................................................10

*Sony Ericsson Mobile Commc'ns AB v. Delta Elecs. Pub. Co. (Thailand),*
    2009 WL 959639 (S.D.N.Y. Apr. 8, 2009) ...........................................................................18

*Spokeo, Inc. v. Robins,*
    136 S. Ct. 1540 (2016) .............................................................................................................9

*Standard Chartered Bank Int'l (Americas) Ltd. v. Miguel Calvo,*
    757 F. Supp. 2d 258 (S.D.N.Y. 2010) ...................................................................................17

*Summers v. Earth Island Inst.,*
    555 U.S. 488 (2009) ...............................................................................................................10

*Suqin Zhu v. Hakkasan NYC LLC*,
    291 F. Supp. 3d 378 (S.D.N.Y. 2017)......................................................................19

*Town of Chester v. Laroe Estates, Inc.*,
    137 S. Ct. 1645 (2017).............................................................................................9

*United States v. Ackert*,
    76 F. Supp. 2d 222 (D. Conn. 1999)......................................................................13

*United States v. Amodeo*,
    71 F.3d 1044 (2d Cir. 1995)..............................................................................13, 14

*United States v. Banks*,
    693 F. App'x 119 (3d Cir. 2017) ..............................................................................9

*Utica Mut. Ins. Co. v. INA Reinsurance Co.*,
    2012 WL 13028279 (N.D.N.Y. June 12, 2012).....................................................18

*W. Coast Life Ins. Co. v. Swiss Re Life & Health Am. Inc.*,
    2021 U.S. Dist. LEXIS 120043 (S.D.N.Y. June 28, 2021)................................14, 16

*Zuver v. Airtouch Communications, Inc.*,
    153 Wash. 2d 293 (2004).......................................................................................19

**STATUTES**

Federal Arbitration Act ...............................................................................................5, 19

**JA44**

## INTRODUCTION

Respondent International Business Machines Corporation ("IBM") does not oppose the motion to confirm the Final Award, but vehemently opposes the request to unseal it. Dkt. 13 at 1, n.1; Dkt. 14 at 2. In exchange for a generous severance package from IBM, former employee and Petitioner Elizabeth Stafford signed an arbitration agreement in which both sides promised to maintain the confidentiality of the arbitration "and the award." Dkt. 13-2 at 28. IBM has respected that confidentiality, and has followed all of the terms of the agreement throughout the arbitration that Stafford initiated. IBM has now fully complied with the award, mailing out payment within seventeen days of the award becoming finalized.

Despite the absence of any indication from IBM that it would not voluntarily comply, Stafford filed a motion to confirm the Final Award as a way of circumventing the confidentiality agreement that she signed. In that motion, she recognized that she was required to "file the award under seal pursuant to the 'Privacy and Confidentiality' clause" of her arbitration agreement. Dkt. 14 at 2. Nevertheless, she simultaneously asked the Court to "exercise its inherent authority to unseal this award so that the public may access it." *Id*. She did not assert any personal interest in the requested unsealing, but instead argued that the award should be unsealed so that it could be shared with "other employees" who are pursuing their own claims in similar individual arbitrations, and who are represented by the same counsel. *Id*. at 2 n.1.

This Court should reject the unsealing request for four reasons. *First*, Stafford lacks standing because she has no personal interest at stake in the unsealing request. She already has access to the award and IBM has complied with it, so unsealing will not bring her any benefit. Instead, the unsealing request is expressly aimed to confer a benefit solely on Stafford's counsel, who is hoping the Court will nullify Stafford's confidentiality agreement so that her counsel can

use the Final Award to her strategic advantage in the "numerous" other matters she has filed against IBM on behalf of different clients.

*Second*, equitable estoppel bars Stafford's request to unseal the Final Award because it contradicts her explicit promise to maintain the confidentiality of the award. She made that promise in order to extract valuable benefits from IBM—which detrimentally relied on the promise—and she cannot now be heard to request judicial relief that is directly contrary to the confidentiality agreement she signed.

*Third*, the Final Award is not entitled to any presumption of public access because it is irrelevant to the judicial task before the Court. Since the motion to confirm is unopposed and there is no dispute about IBM's compliance, the contents of the award have no relevance to any judicial decision. The award must be confirmed regardless of what its contents are, and thus displaying the award to the public will not shed any light on the judicial decision-making process. Even if the public somehow did have some slight interest in unsealing here, that interest would be heavily outweighed by the harm to IBM. The award contains sensitive and confidential business information, including employee evaluations, the disclosure of which will inflict real harm on IBM and its third-party employees. Stafford does not even attempt to explain why the relevant factors favor unsealing, which they do not.

*Fourth* and finally, unsealing the Final Award would vitiate arbitral confidentiality and violate the Federal Arbitration Act, which establishes a strong federal policy in favor of enforcing arbitration agreements according to their terms. To uphold that policy, courts should not allow litigants to use the confirmation process to eviscerate the agreed-upon terms of arbitral confidentiality, which is a fundamental attribute of arbitration that both the parties and the courts are bound to respect as a matter of federal law.

For all these reasons, IBM respectfully requests that the Court deny Stafford's request to unseal the Final Award.

## BACKGROUND

In June 2018, Stafford and IBM signed a separation agreement that gave her substantial "payments and benefits" that she "otherwise would not have been entitled to receive" upon her departure. Dkt. 13-2 at 23. Under the Agreement, all covered disputes between Stafford and IBM must be resolved through confidential arbitration. Dkt. 13 at ¶ 8; Dkt. 13-2 at 24. In particular, the Agreement expressly provides that "the parties shall maintain the confidential nature of the arbitration proceeding *and the award*." Dkt. 13-2 at 28 (emphasis added). IBM gave Stafford 30 days to review the Agreement before signing it, and explicitly advised her to consult with counsel first. *Id.* at 24-25.

In January 2019, Stafford filed an arbitration demand asserting claims against IBM. Dkt. 13 at ¶ 9. On July 12, 2021, the Arbitrator issued a Final Award in Stafford's favor. *Id.* at ¶ 12. The Final Award contains extensive discussion of non-public proprietary information about IBM and its employees—precisely the type that the confidentiality agreement was designed to protect.

On July 30, 2021, in accordance with the arbitral rules, IBM filed a motion for reconsideration of the Final Award regarding the calculation of interest owed.  Declaration of Matthew W. Lampe ("Lampe Dec.") at ¶ 5.  On August 31, 2021, the Arbitrator resolved the reconsideration motion and the award became fully finalized. *Id.* at ¶ 6. Today IBM sent out payments for all amounts owed to Stafford under the Final Award and thus has fully satisfied all the terms of the award. *Id.* at ¶ 8.

Even though IBM has provided no reason to doubt its voluntary compliance, Stafford filed a petition and an accompanying motion requesting confirmation of the award. Dkts. 13, 14.[1] Along with the petition and motion, Stafford attached a copy of the Final Award. Dkts. 13-1, 14-1. Stafford moved the Court to seal the Final Award (Dkt. 4), which motion the Court granted (Dkt. 6).[2] As a result, the Final Award is currently under seal. Stafford now asks the Court to "unseal" it "so that the public may access it" (Dkt. 14 at 2). Stafford does not make any attempt to explain how her affirmative request to unseal the award is consistent with her express obligation to maintain the confidentiality of the award. Nor does she assert any actual personal interest in the unsealing request, as she already has access to a copy of the award. Instead, she suggests that unsealing the confidential award may be helpful to the "numerous" other IBM employees who are represented by the same counsel in various separate actions that are now pending against IBM. *Id.* at 2, n.1.

As explained in its response to the petition (*see infra* Section I)*,* IBM does not oppose the confirmation of the Final Award, with which IBM has fully complied. But for the reasons that follow, IBM does oppose the request to unseal the confidential award, which contains sensitive business information.

## ARGUMENT

## I.      IBM DOES NOT OPPOSE CONFIRMATION OF THE FINAL AWARD.

IBM does not oppose Stafford's request to confirm the Final Award, and indeed has fully complied with the award and made the full payment owed to Stafford. As explained below, however, IBM strongly objects to Stafford's request to unseal the award, which is directly

---

[1] Stafford attached an incomplete version of her arbitration agreement to her original petition and motion to confirm. *See* Dkts. 1, 5. Stafford filed a corrected petition and motion to confirm, attaching the complete arbitration agreement, on September 3, 2021. *See* Dkts. 13-14. IBM responds herein to the corrected petition and motion.

[2] Stafford re-filed the awards under seal in conjunction with her corrected petition and motion to confirm.

4

contrary to the terms of the confidential arbitration agreement that she signed and would inflict significant harm on IBM by disclosing sensitive business information.

## II.    IBM OPPOSES STAFFORD'S REQUEST TO UNSEAL THE FINAL AWARD.

Stafford's request to unseal the Final Award is a ploy by her counsel to gain a strategic advantage against IBM in other ongoing litigation and in no way furthers any interest of Stafford herself. Granting Stafford's request would disregard the promise she made to IBM to maintain the confidentiality of the award, cause substantial harm to IBM and its employees, and destroy one of the fundamental attributes of the arbitration process that federal law protects when the parties agree to confidentiality. The Court should thus deny Stafford's request.

### A.    Stafford lacks standing to seek unsealing because she has no personal interest at stake.

Stafford's request fails at the threshold because she lacks standing to seek unsealing of the award. She already has a copy of the Final Award, and she does not articulate any concrete interest in whether the award remains sealed from public view on the docket. Indeed, since she has already prevailed in the arbitration and IBM has fully complied with the terms of the award, it is clear that unsealing the award cannot bring her any concrete benefit whatsoever. The only reason she is seeking to unseal the award is to provide a strategic benefit to her counsel, who wants to be able to introduce the confidential award in various other proceedings where she is representing different individuals against IBM. But her counsel's strategic interest in other litigation does not confer standing on *Stafford* to seek unsealing of the award in this case.

As the Supreme Court has explained, standing "is not dispensed in gross." *Town of Chester v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1650 (2017). Rather, "a plaintiff must demonstrate standing for each claim he seeks to press *and* for each form of relief that is sought." *Id.* (emphasis added). Among other things, the plaintiff must show some "personal injury" that

the requested relief would redress. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (internal citation omitted). This includes requests to unseal. *IIT v. Int'l Controls Corp.*, 2009 U.S. Dist. LEXIS 89338, at *3 (S.D.N.Y. Sep. 21, 2009) (indicating that a party must have standing to seek to unseal a document); *United States v. Banks*, 693 F. App'x 119, 119 (3d Cir. 2017) ("[Appellant] has not shown that he has standing to seek the unsealing of any documents in the District Court record, i.e., that he has suffered a specific, concrete injury as a result of the sealing and that unsealing the documents would redress that injury.").

Stafford cannot assert any injury because she already has access to the Final Award that she is asking the Court to unseal. Indeed, she is the one who filed the Final Award under seal on the Court's docket, acknowledging that she was required to do so under her confidentiality agreement with IBM. As a result, Stafford cannot establish any injury to support standing.

Nor can Stafford argue that the public disclosure of the Final Award will provide any ancillary benefit to her in connection with her underlying claim against IBM, as her individual arbitration has already concluded and IBM has fully complied with the award. In her motion, she complains that this type of arbitral confidentiality provision improperly "hamper[s] the ability of individuals pursuing these claims to 'obtain[] the information needed to build a case.'" Dkt. 14 at 2, n.1. But Stafford's case is already over. She already "buil[t] her case." *Id*. As a result, any complaint she may have about the supposed procedural problems caused by arbitral confidentiality has nothing to do with any concrete personal injury that she has suffered. *Cf. Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009) ("[D]eprivation of a procedural right without some concrete interest that is affected by the deprivation . . . is insufficient to create Article III standing").

Similarly, Stafford also cannot claim that unsealing the Final Award would provide her

any personal benefit by allowing her to share the award with others. Since she already has access

to the Final Award, the sealing of the award is not what is preventing her from sharing it with

others. Instead, that constraint comes from Stafford's own arbitral confidentiality agreement,

which she signed and is thus bound to uphold regardless of whether the award is sealed or

unsealed on the court docket. The only difference that unsealing will make is that people who are

*not* bound by the confidentiality agreement will be able to access the Final Award on the Court's

docket if it is unsealed. But again, since Stafford already has access to the Final Award, she does

not have any personal stake in whether *others* can access it on the Court's docket.

In contrast to Stafford herself, Stafford's counsel does appear to have some strategic

interest in unsealing the Final Award. According to her papers, Stafford's counsel represents

other IBM employees (or former employees) as plaintiffs in "numerous" other federal lawsuits

and arbitrations involving similar issues. *See* Dkt. 14 at 2, n.1. And she wants those other

plaintiffs to be able to access the confidential Stafford award so that they can use it to bolster

their own individual cases. She cannot use Stafford as a pawn by filing an improper unsealing

request on behalf of Stafford, suggesting that Stafford herself somehow has a personal stake in

whether the Final Award is sealed or not. Accordingly, because Stafford lacks any "personal

stake" in the requested unsealing, she does not have standing. *Raines v. Byrd*, 521 U.S. 811, 819

(1997). The request to unseal should be rejected for that reason alone.

**B.      Stafford is equitably estopped from seeking to unseal because she agreed to maintain confidentiality.**

Stafford is equitably estopped from seeking to unseal the Final Award because she

promised to keep the arbitration and the award confidential. She used that promise to induce

IBM to provide her with substantial compensation in her separation agreement, and to secure a

promise from IBM that it would keep the arbitration award confidential—thus protecting her from disclosure of any facts unfavorable to her that IBM produced or obtained in discovery or that the arbitrator might have discussed in the award. Now, having secured those benefits from IBM—and with IBM fully complying with the award—she cannot abandon her promise of confidentiality by making an affirmative request to the Court to unseal the award. Such inequitable conduct should not be rewarded.

The doctrine of equitable estoppel "preclude[s] a person from asserting a right after having led another to form the reasonable belief that the right would not be asserted, and loss or prejudice to the other would result if the right were asserted." *N.Y. Cent. Mut. Fire Ins. Co. v. Edwards*, 2009 U.S. App. LEXIS 1783, at *3 (2d Cir. Jan. 30, 2009). This doctrine "is imposed by law in the interest of fairness to prevent the enforcement of rights which would work fraud or injustice upon the person against whom enforcement is sought and who, in justifiable reliance upon the opposing party's words or conduct, has been misled into acting upon the belief that such enforcement would not be sought." *Nassau Trust Co. v. Montrose Concrete Prods. Corp.*, 56 N.Y.2d 175, 184, 451 N.Y.S.2d 663, 436 N.E.2d 1265 (1982).

Here, equitable estoppel applies because Stafford induced IBM into providing her with valuable severance benefits in exchange for her promise to maintain confidentiality. She also induced IBM into making its own promise to maintain the confidentiality of the arbitration proceeding, which was a valuable benefit because it assured her that she would not be embarrassed by the publicization of any unfavorable information that might come out in discovery, or an unfavorable award in the event that she lost the arbitration. IBM kept its promise of confidentiality throughout the entire arbitration and did not publicize any favorable rulings it

received or any facts unfavorable to Stafford. And even now, to this day, IBM continues to adhere to its promise.

In providing all of these benefits and committing to maintain confidentiality, IBM reasonably and detrimentally relied on Stafford's representation that she likewise would abide by her own promise of confidentiality. Had IBM known that Stafford would not adhere to her promise, IBM would not have provided her with the same severance benefits and certainly would not have imposed any confidentiality obligation on itself. Thus, by promising IBM that she would maintain confidentiality and would not seek to make the Final Award public, Stafford clearly "led [IBM] to form the reasonable belief" that she would not exercise any "right" she might otherwise have to request that the award be unsealed. *Edwards*, 2009 U.S. App. LEXIS 1783, at *3. Having led IBM to reasonably and detrimentally rely on that promise, she does not have any right to now seek contrary relief from this Court.

For all of these reasons, Stafford is equitably estopped from pressing her request to unseal the Final Award.

### C. The "public access" factors do not favor unsealing in this case.

Even if the Court finds that Stafford has standing and is not estopped, Stafford's request should be denied because the harm that IBM would suffer from public disclosure of the Final Award far outweighs any public right of access to it.

The crux of Stafford's request to unseal is that the public has a right to access the Final Award. However, that right is neither automatic nor unfettered. The "purpose" of the presumption of public access is to ensure a "measure of accountability" in the courts, so that the public can "have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995) ("*Amodeo II*"). Thus, while the public has a "qualified" right of access to "judicial documents" under certain circumstances, that is only true of documents that would

shed light on the decision-making process of the federal courts. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The Second Circuit has defined a judicial document as an item which is "relevant to the performance of the judicial function and useful in the judicial process." *Amodeo I*, 44 F.3d at 145. This turns on whether the document in question has been "used as a basis for deciding" an issue pending before the court. *United States v. Ackert*, 76 F. Supp. 2d 222, 224 (D. Conn. 1999); *see also Amodeo II*, 71 F.3d at 1048 (asking whether documents have been "used in the performance of Article III functions"). As a result, the presumption of access does not attach at all to the contents of documents that are irrelevant to the court's decision-making process. And even when documents have some relevance to judicial decision-making, the question then becomes how strong of an interest the public has in accessing the document. "Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." *Amodeo II*, 71 F.3d at 1050.

Based on these principles, courts in the Second Circuit follow a three-step analysis when determining whether to seal a document: (i) determine whether the common law presumption of access attaches; (ii) consider the weight of the presumption; and (iii) balance competing considerations against the presumption of public access, including privacy interests of the party resisting disclosure. *See Lugosch*, 435 F.3d at 119-20.

First, as a threshold matter, the Final Award is not a judicial document that is subject to the presumption of public access. As noted above, "judicial documents" are only those that are "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119 (internal citation omitted). Here, however, the contents of the Final Award are completely irrelevant to the judicial task of confirmation. IBM does not oppose confirmation and

has fully complied with the Final Award. Accordingly, the Court does not need to consult the contents of the award at all to decide whether to confirm it. The Court must confirm the Final Award regardless of its contents. For that reason, the "[F]inal [A]ward itself does not directly affect the Court's adjudication of th[e confirmation] petition," and thus no presumption of public access attaches. *W. Coast Life Ins. Co. v. Swiss Re Life & Health Am. Inc.,* 2021 U.S. Dist. LEXIS 120043, at *3-4 (S.D.N.Y. June 28, 2021) (internal quotations and citation omitted). Making the award public would do nothing to promote "confidence in the administration of justice." *Amodeo II*, 71 F.3d at 1048.

Second, even if publicizing the Final Award somehow would shed light on the judicial decision-making process, any presumption of public access on this ground would be exceedingly weak. At most, the contents of the award could "play only a negligible role in the performance of Article III duties," and thus "the weight of the presumption is low." *Amodeo II*, 71 F.3d at 1050. Any interest in public access can thus be easily outweighed by competing considerations.

Finally, the "competing considerations" in favor of confidentiality here weigh heavily against public access. The Final Award contains significant discussion of confidential documents and testimony, the disclosure of which would cause real harm to the Company and its employees. For one, the Final Award details specific proposed headcount reduction numbers and hiring targets, in addition to discussion of IBM's decision-making processes behind those numbers in a particular business unit. These details are not in the public record. If disclosed, competitors could use this information to glean insight into what units or markets IBM is downsizing in, as well as what areas IBM is hiring/growing in. Even if a few years old, competitors could use this information to guide their own decisions about areas to invest in. Also, competitors could use this information during their recruitment process to gain new

recruits who are torn between them and IBM, as well as to lure current IBM employees away from IBM.  Similarly, the disclosure of this information could create morale concerns for current IBM employees.  *See, e.g., GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (granting motion to seal "highly proprietary material concerning ... marketing strategies, . . . costs and budgeting").

Moreover, the Final Award contains a discussion of a performance evaluation of a current executive who is not, and never has been, a party to the lawsuit. Her reputation could suffer damage both inside and outside the company should this information be publicly disclosed. Beyond harm to this particular employee, public disclosure of such information would cause IBM competitive harm because it could negatively impact employee morale to know that their confidential performance information, which they have every expectation will remain confidential, may be made public.  *Hernandez v. Office of the Comm'r of Baseball*, 2021 U.S. Dist. LEXIS 62700, at *37 (S.D.N.Y. Mar. 31, 2021) (sealing non-party performance evaluations in employment discrimination case) (Oetken, J.).[3]

Last, the award also contains information about Stafford's compensation and how it compares with competitor compensation. Information in the award comparing Stafford's salary at her subsequent employer to her salary at IBM and amounts of back pay and liquidated damages awarded would provide competitors insight into what IBM pays its executives. Competitors could use this information to recruit talent away from IBM and otherwise unfairly compete with IBM. *Gelb v. Am. Tel. & Tel. Co*., 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) (granting motion to seal based on company's "assertion that its competitors who do not now have this information could use it to do competitive injury").

---

[3] At the very least, pursuant to Your Honor's Individual Practice Rules at 3 and the 2021 ECF Rules & Instructions at 33, this Court should order the employee's name to be redacted from any public filing of the award.

Not only that, but, allowing Stafford's counsel to benefit from the unsealing will unfairly prejudice IBM.  As pointed out by Stafford in her Motion to Confirm (Dkt. 14 at 2, n.1), IBM is currently facing "numerous" federal lawsuits and arbitrations by other IBM employees represented by Stafford's counsel. If provided the opportunity, Stafford's counsel will use this Final Award against IBM in those other matters, and because of its own confidentiality obligations, IBM will not be able to counter this use with awards and facts favorable to it. *W. Coast Life Ins. Co.* 2021 U.S. Dist. LEXIS 120043, at *3 ("[the final award] is subject to a confidential[it]y agreement and contains confidential, sensitive, and proprietary information that could potentially prejudice the outcomes of . . . legal disputes not before the Court as well as prejudice the parties in future competitive business negotiations"); *cf. DiRussa v. Dean Witter Reynolds, Inc.*, 936 F. Supp. 104, 108 (S.D.N.Y. 1996) (upholding seal of "arbitration" documents on petition to confirm due to parties' confidentiality agreement). For all these reasons, the threat of significant harm to IBM outweighs any right of public access.

IBM is aware of an earlier decision where this Court declined to seal an arbitration award on a petition to confirm. *Aioi Nissay Dowa Ins. Co. Ltd. v. Prosight Specialty Mgmt. Co.*, 2012 U.S. Dist. LEXIS 118233 (S.D.N.Y. Aug. 21, 2012) (Oetken, J.). However, that case was different because the award there was never sealed in the first place, and the respondents there did not make the same arguments raised by IBM here. For instance, the respondents "d[id] not point to any specific information contained in the Final Award the disclosure of which would be harmful to any party." *Id.* at *16. Here, by contrast, IBM has explained how it would suffer clear and specific harms should the Final Award be unsealed. *See supra* at 11-13. Further, the respondents in *Prosight* failed to argue that the award was not a judicial document, that the petitioner lacked standing to oppose sealing, or that the petitioner was judicially estopped from

opposing sealing. *See Aioi Nissay Dowa Ins. Co. Ltd. v. Prosight Specialty Mgmt. Co.*, No. 1:12CV03274 (S.D.N.Y May 14, 2012) (Dkts. 17, 19). IBM, however, has raised all of those arguments here.

Stafford's cited cases are distinguishable for similar reasons. In many of the cited cases (Dkt. 14 at 3, n.2), the parties seeking to seal arbitration documents failed to carry their burden because they relied solely on the fact that a confidentiality agreement existed, but did not specifically allege that they would suffer any actual harm from public disclosure. *See, e.g.*, *Mut. Marine Off., Inc. v. Transfercom Ltd.*, No. 08 CIV. 10367 (PGG), 2009 WL 1025965, at *5 (S.D.N.Y. Apr. 15, 2009) ("only fact" offered by party opposing unsealing was the existence of a confidentiality agreement); *Church Ins. Co. v. Ace Prop. & Cas. Ins. Co.*, 2010 WL 3958791, at *3 (S.D.N.Y. Sept. 23, 2010) (denying sealing request without prejudice because requesting party relied on nothing but confidentiality agreement, but allowing the party to renew the request to argue "closure is essential to preserve higher values."); *Glob. Reinsurance Corp.-U.S. Branch v. Argonaut Ins. Co.*, 2008 WL 1805459, at *1 (S.D.N.Y. Apr. 21, 2008), *as amended* (Apr. 24, 2008) ("GlobalRe did not endeavor to argue that disclosure of any language in the awards would cause it direct or immediate harm."); *Standard Chartered Bank Int'l (Americas) Ltd. v. Miguel Calvo*, 757 F. Supp. 2d 258, 259 (S.D.N.Y. 2010) (rejecting plaintiffs' sealing request where (i) it was a blanket request; (ii) plaintiffs claimed no specific harm; and (iii) the parties also entered into confidentiality agreement to protect arbitration materials *after* arbitration decision at issue was made and a mere *three* business days before seeking relief in federal court).

Stafford's other cited cases cut against her because they demonstrate that sealing arbitration awards is appropriate to avoid specific harms. *Utica Mut. Ins. Co. v. INA Reinsurance Co.*, 2012 WL 13028279, at *7-8 (N.D.N.Y. June 12, 2012) (sealing certain arbitration

documents based on sufficient showing of harm); *Sony Ericsson Mobile Commc'ns AB v. Delta Elecs. Pub. Co. (Thailand)*, 2009 WL 959639, at *2 (S.D.N.Y. Apr. 8, 2009) (rejecting defendant's sealing request but only because defendant did not detail "clear" reasons as to why the information at issue was "particularly sensitive"). Therefore, her case law is not instructive.

### D. Allowing unsealing would violate the strong federal policy in favor of protecting arbitral confidentiality.

Finally, this Court should reject the request to unseal the Final Award because doing so would undermine the "liberal federal policy" in favor of enforcing arbitration agreements "according to their terms." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344, 346 (2011) (internal quotations and citations omitted). Among the most fundamental attributes of arbitration is that the "proceedings be kept confidential" when the parties have so agreed. *Id*. at 346. Indeed, as the Second Circuit has recognized, "confidentiality clauses are so common in the arbitration context that [an] attack on the confidentiality provision is, in part, an attack on the character of arbitration itself." *Guyden v. Aetna, Inc*., 544 F.3d 376, 385 (2d Cir. 2008) (internal quotations and citation omitted). But if every court confirmation process allowed the winning party to demand the disclosure of the arbitral award, then the "liberal federal policy" of protecting arbitral confidentiality would be eviscerated. That result is nonsensical.

Even as a matter of state law, Stafford's baseless attack on the confidentiality clause she signed is a non-starter. The parties' agreement provides that it is "governed by the substantive laws of New York" (Dkt. 13-2, at 25), and courts applying New York law have universally upheld confidential arbitration agreements. *See, e.g.*, *Am. Fam. Life Assurance Co. of New York v. Baker*, 778 F. App'x 24, 27 (2d Cir. 2019) ("confidentiality provision does not render" arbitration agreement "substantively unconscionable"); *Kopple v. Stonebrook Fund Mgmt., LLC*, 21 Misc. 3d 1144(A), 875 N.Y.S.2d 821, at *3 (Sup. Ct. 2004), *aff'd*, 18 A.D.3d 329, 794

N.Y.S.2d 648 (2005) (arbitral confidentiality clause not unconscionable because it did not inhibit either party from preparing their cases); *Isaacs v. OCE Bus. Servs.*, 968 F. Supp. 2d 564, 569-70 (S.D.N.Y. 2013) (arbitral confidentiality provision not unconscionable because it applied equally to both parties); *Damato v. Time Warner Cable, Inc.*, 2013 WL 3968765, at \*12 (E.D.N.Y. July 31, 2013) ("the confidentiality of proceedings does not, by itself, render an agreement to arbitrate unconscionable"); *Chatziplis v. PWC LLP*, 2018 WL 3323820, at \*3 (S.D.N.Y. July 6, 2018) (confidentiality provision did "not render the arbitration agreement 'grossly unreasonable'"); *Suqin Zhu v. Hakkasan NYC LLC*, 291 F. Supp. 3d 378, 392 (S.D.N.Y. 2017) (confidentiality clause "cannot be said to render the Arbitration Agreement substantively unconscionable").

Presumably because New York law is so clear in upholding confidentiality, Stafford relies (Dkt. 14 at 2, n.1) on inapposite cases applying the law of other states based on facts not present here. *See Zuver v. Airtouch Communications, Inc.*, 153 Wash. 2d 293, 312-15 (2004) (Colorado law); *Bragg v. Linden Research, Inc.*, 487 F. Supp. 2d 59, 610 (E.D. Pa. 2007) (California law); *Kinkel v. Cingular Wireless LLC*, 223 Ill. 2d 1, 42 (Ill. 2006) (Illinois law). Those other state-law decisions have no bearing on the present case.

Even if state law did purport to prohibit arbitral confidentiality, it would be preempted by the Federal Arbitration Act ("FAA"). Federal law does not allow confidentiality provisions to be singled out for disfavored treatment in arbitration. *Concepcion,* 563 U.S. at 343-44. And because confidentiality is a "fundamental attribute[] of arbitration," any state law that tried to prohibit it would be "inconsistent with the FAA." *Concepcion,* 563 U.S. at 344.

## CONCLUSION

For all of the reasons above, IBM does not oppose the confirmation of the Final Award,

but respectfully requests that the Court deny Stafford's request to unseal the Final Award.

Dated: September 17, 2021
New York, New York

Respectfully submitted,

/s/ *Matthew W. Lampe*

Matthew W. Lampe
Erika Cagney
JONES DAY
250 Vesey Street
New York, New York 10281
Tel: 212.326.3939
Fax: 212.755.7306
mwlampe@jonesday.com
ecagney@jonesday.com

*Attorneys for Respondent*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ELIZABETH STAFFORD,

                              Petitioner,

            v.

INTERNATIONAL BUSINESS MACHINES
CORPORATION,

                              Respondent.

Case No. 1:21-cv-06164

ECF Case

---

### DECLARATION OF MATTHEW W. LAMPE IN SUPPORT OF RESPONDENT'S PARTIAL OPPOSITION TO PETITIONER'S MOTION TO CONFIRM

I, Matthew W. Lampe, declare and state as follows:

1.      I am a partner with the law firm Jones Day, and counsel of record for Respondent International Business Machines Corporation ("IBM").  I am familiar with the facts and circumstances set forth herein and make this declaration in support of IBM's Partial Opposition to Petitioner's Motion to Confirm.

2.      Petitioner Elizabeth Stafford ("Stafford") and IBM entered into a separation agreement containing an arbitration agreement in June 2018.

3.      In January 2019, Stafford filed a confidential arbitration demand against IBM asserting an age discrimination claim under the Age Discrimination in Employment Act.  The confidential arbitration was conducted with JAMS pursuant to JAMS' rules and the arbitration procedures set forth in the arbitration agreement between Stafford and IBM.

4.      The arbitrator issued the award on July 12, 2021.

5.      Pursuant to the review and reconsideration provision in Stafford's arbitration agreement, IBM filed a limited motion for reconsideration on July 30, 2021.

**JA62**

6. The arbitrator ruled on IBM's motion for reconsideration on August 31, 2021, at which point the award became fully final.

7. Subsequent to the arbitrator's ruling, IBM began processing payment of all amounts owed to Stafford and her counsel under the final award.

8. Those payments were mailed to Stafford and her counsel earlier today, seventeen days after the award became fully final.

9. IBM has no further obligations under the final award.

Executed on this 17th day of September 2021.

*s/ Matthew W. Lampe*
Matthew W. Lampe

2

**JA63**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELIZABETH STAFFORD,

                              Petitioner,


            -v-


INTERNATIONAL BUSINESS
MACHINES CORPORATION,

                              Defendant.

---

21-CV-6164 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

Petitioner Elizabeth Stafford brings this action petitioning the Court to confirm an

arbitration award she obtained on July 12, 2021, in connection with an arbitration demand she

filed against Respondent International Business Machines Corporation ("IBM"). (Dkt. Nos. 1,

13.) IBM does not oppose the motion to confirm the arbitration award but does oppose

Stafford's simultaneous motion to unseal the award. (*See* Dkt. No. 16.) It additionally requests

that if the Court grants Stafford's request to unseal the award, the Court stay the ruling for thirty

days to provide IBM an opportunity to decide whether to appeal. (Dkt. No. 21.)

For the following reasons, Stafford's motions to confirm the arbitration award and unseal

the award are granted. IBM's motion to stay the ruling is also granted.

## I.      Factual Background

In June 2018, Stafford and IBM signed a separation agreement. (Dkt. No. 13-2.) The

separation agreement confirmed that Stafford was releasing IBM from all claims she may have

had against it, with the exception of a few, including the one that was at issue in the arbitration.

(Dkt. No. 13-2 ¶¶ 2–3.) The agreement contained an arbitration provision requiring any claims

or disputes between IBM and Stafford to be resolved in "private, confidential, final and binding

arbitration." (Dkt. No. 13-2 ¶ 5.) The agreement also included an attachment with a separate

"Privacy and Confidentiality" section that provided: "[T]he parties shall maintain the

confidential nature of the arbitration proceeding and the award. The parties agree that any

information related to the proceeding, such as documents produced, filings, witness statements or

testimony, expert reports and hearing transcripts is confidential information which shall not be

disclosed . . . unless otherwise required by law or judicial decision." (Dkt. No. 13-2 at 7.)

In January 2019, Stafford filed an arbitration demand against IBM, and in July 2021, the

arbitrator entered an arbitration award (the "Final Award") in favor of Stafford. (Dkt. No. 1 ¶¶ 9,

12.) Pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, Stafford filed a petition to

confirm the Final Award that same month. (Dkt. No. 1 ¶ 13.) Stafford provisionally moved to

file the Final Award under seal pursuant to the separation agreement. (Dkt. No. 4 at 2.)

According to a declaration filed by IBM, following the arbitrator's ruling, IBM began

processing payment of all amounts owed to Stafford and her counsel under the Final Award and

IBM has now fully satisfied all the terms of the Final Award. (Dkt. No. 17 ¶¶ 7–8.)

## II. Discussion

### A. Petition to Confirm the Arbitration Award

"Under the terms of [9 U.S.C. § 9], a court must confirm an arbitration award unless it is

vacated, modified, or corrected as prescribed by §§ 10 and 11." *Hall St. Assocs., L.L.C. v.

Mattel, Inc.*, 552 U.S. 576, 582 (2008) (internal quotation marks omitted). "The arbitrator's

rationale for an award need not be explained, and the award should be confirmed if a ground for

the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair & Co. v.

Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (internal quotation marks omitted). Courts in this

District are clear that "even where the petition is unopposed, a court must still treat the petition

as akin to a motion for summary judgment." *Church Ins. Co. v. Ace Prop. & Cas. Ins. Co.*, No. 10 Civ. 698, 2010 WL 3958791, at *2 (S.D.N.Y. Sept. 23, 2010) (internal quotation marks omitted); *see also Clearwater Ins. Co. v. Granite State Ins. Co.*, No. 15 Civ. 165, 2015 WL 500184, at *2 (S.D.N.Y. Feb. 5, 2015) (even where a petition is unopposed, "the facts must show that the petitioner is entitled to judgment as a matter of law"); *Alexandria Real Est. Equities, Inc. v. Fair*, No. 11 Civ. 3694, 2011 WL 6015646, at *2 (S.D.N.Y. Nov. 30, 2011) (even if the arbitration award is uncontested, the court must "independently appl[y] the facts of the case to the legal standard for award confirmation").

The FAA provides the limited grounds for vacating or modifying an award. It allows for vacatur only where the award was procured by fraud or corruption, there is evidence of corruption or partiality on the part of the arbitrator, the arbitrator is found to be guilty of misconduct, or the arbitrator exceeds his power. 9 U.S.C. § 10. It allows for modification when there is an evident miscalculation or material mistake in the award, where the arbitrator has exceeded his power, or where the award is imperfect in a manner not affecting the merits. 9 U.S.C. § 11.

Here, having carefully reviewed the Final Award, the Court concludes there is no basis for vacating, modifying, or correcting it and the petition to confirm the Final Award is granted.

### B. Motion to Unseal

IBM opposes Stafford's motion to unseal the arbitration award on three grounds. First, it argues that Stafford lacks standing to seek unsealing because she has no personal interest at stake. The Court disagrees with IBM's position that Stafford must "articulate [a] concrete interest in whether the award remains sealed from public view." (Dkt. No. 16 at 5.) Indeed, the right to the public's access to judicial documents is a common law right "firmly rooted in our

nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). "The presumption of access is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *Id.* (internal quotation marks omitted). *Lugosch* and its progeny make clear that it is the public that benefits from access to judicial documents, *see id.*, and it is the court's responsibility to "make specific, rigorous findings before sealing the document or otherwise denying public access." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (internal quotation marks omitted). That is why courts routinely unseal judicial documents even against the opposition of *both* parties. *See, e.g.*, *id.* The Court therefore concludes that it has an independent obligation to determine whether sealing is justified, irrespective of IBM's argument as to standing.

Second, IBM contends that Stafford is equitably estopped from seeking to unseal because she agreed in the separation agreement to maintain confidentiality. (Dkt. No. 16 at 7–9.) IBM argues that "having secured [] benefits from IBM . . . she cannot abandon her promise of confidentiality." (Dkt. No. 16 at 8.) However, as Stafford points out, this argument fails because the separation agreement contains a provision that allows for unsealing if "required by law or judicial decision." (Dkt. No. 13-2 at 7.) Furthermore, it can hardly be said by the terms of the separation agreement that IBM provided Stafford with "valuable severance benefits" *solely* in exchange for her promise of confidentiality. (Dkt. No. 16 at 8.) While confidentiality was undoubtedly important to IBM, IBM also received other benefits from the separation agreement, including Stafford's agreement to release certain potential claims against IBM. (Dkt. No. 13-2 ¶¶ 2–3.)

Finally, IBM argues that Stafford's request to unseal should be denied because the harm that IBM would suffer from public disclosure outweighs the public's right of access to it. (Dkt. No. 16 at 9–16.) To determine whether the presumptive right of public access attaches to a particular record, courts in this District must engage in a two-step inquiry.

The first step is determining whether the record at issue is a "judicial document." *See Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). "Not all documents filed with the court are judicial documents. Rather, a judicial document is one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 59 (internal quotation marks omitted). IBM contends that the Final Award is not a judicial document because IBM does not oppose confirmation and has fully complied with the Final Award. (Dkt. No. 16 at 10.) Therefore, IBM suggests, the Court does not need to consult the contents of the Final Award in award to confirm it. (Dkt. No. 16 at 11.) This argument has been previously raised by parties and has been rejected by several courts in this District. *See, e.g.*, *Susquehanna Int'l Grp. Ltd. v. Hibernia Express (Ir.) Ltd.*, No. 21 Civ. 207, 2021 WL 3540221, at *2 (S.D.N.Y. Aug. 11, 2021) (collecting cases); *Clearwater*, 2015 WL 500184, at *3. In accordance with numerous district court decisions, this Court holds that the Final Award is a judicial document.

Once a court determines that the document at hand is a judicial document, the party moving to maintain sealing "must overcome the strong presumption of public access to judicial documents and, in particular, adjudication of substantive rights." *Clearwater*, 2015 WL 500194, at *3. "In circumstances where an arbitration award is confirmed, the public in the usual case has a right to know what the Court has done." *Glob. Reinsurance Corp.-U.S. Branch v. Argonaut Ins. Co.*, No. 07 Civ. 8196, 2008 WL 1805459, at *1 (S.D.N.Y. Aug. 12, 2010). IBM,

as the party moving to maintain the Final Award under seal, "bears the burden of demonstrating what 'higher values' overcome the presumption of public access." *Alexandria Real Estate*, 2011 WL 6015646, at *3 (quoting *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997)). IBM proposes several factors that it argues weigh against the presumption of access: (1) the Final Award contains specific proposed headcount reduction numbers and hiring targets, as well as the decision-making processes behind those numbers, which could be used by competitors to understand the areas in which IBM is hiring or downsizing and for recruitment purposes; (2) the Final Award contains a discussion of a performance evaluation of a current executive, and disclosure could harm employee morale; (3) the Final Award contains information about Stafford's salary, which competitors could use for recruitment purposes; (4) IBM is facing several lawsuits and arbitrations by other IBM employees represented by Stafford's counsel, and unsealing the Final Award could provide benefits to those employees and disadvantage IBM; (5) allowing unsealing would violate the strong federal policy in favor of protecting arbitral confidentiality; and (6) the parties specifically agreed to keep the arbitration proceedings, including any award, confidential. (Dkt. No. 16 at 10–16.)

IBM has failed to identify factors that overcome the strong presumption of public access and weigh in favor of sealing the entire Final Award. As recognized by the Second Circuit and other district courts, a "higher value" has been considered to include the protection of attorney-client privilege, *Lugosch*, 435 F.3d at 125; "the danger of impairing law enforcement or judicial efficiency," *SEC v. TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001); "the privacy interests of those resisting disclosure, such as trade secrets," *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 154 (S.D.N.Y. 2014); and the public disclosure of sensitive medical information, *see Pal v. N.Y.U.*, No. 06 Civ. 5892, 2010 WL 2158283, at *1 (S.D.N.Y. May 27,

2010). While the enforcement of contracts is an important role of the courts, "it does not constitute a higher value that would outweigh the presumption of public access to judicial documents." *Aioi Nissay Dowa Ins. Co. v. ProSight Specialty Mgmt. Co.*, No. 12 Civ. 3274, 2012 WL 3583176, at *6 (S.D.N.Y. Aug. 21, 2012)

A risk of competitive harm may, in certain cases, serve as a basis for sealing judicial documents, but IBM's vague and hypothetical statements that competitors may use this information, much of which is already available to the public (*see* Dkt. No. 17 at 10–11) or outdated, is not the sort of specific evidence required to overcome the presumption of public access. The Court, however, agrees that any sensitive information, such as the name or other identifying information, of the non-party IBM employee whose performance evaluation is discussed should be redacted.

### C. Motion to Stay

Given the unique circumstances of this case — where the parties explicitly agreed to maintain the confidentiality of the arbitration proceedings, the Final Award is unopposed *and* has been fully satisfied, and IBM provided some reasons to maintain the sealing — the Court grants IBM's motion to stay the unsealing order for thirty days.

## III. Conclusion

For the foregoing reasons, Stafford's motion to confirm the Final Award is GRANTED and her motion to unseal the Final Award is GRANTED. IBM's motion to stay an order unsealing the Final Award is GRANTED. The parties are directed to confer on any sensitive information about the non-party IBM employee and file proposed redactions under seal within two weeks after the issuance of this Opinion & Order, regardless of whether IBM plans to appeal.

The Clerk of Court is directed to unseal Docket Number 7 thirty days after the date of

this Opinion and Order, except that Docket Number 7 should remain sealed if IBM files a timely

Notice of Appeal.  The Clerk of Court is also respectfully directed to close the motions at Docket

Numbers 14 and 21.

       SO ORDERED.

Dated:  May 10, 2022
      New York, New York

_____
          J. PAUL OETKEN
     United States District Judge

**JA71**

# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

Direct Number: (212) 326-8338
mwlampe@jonesday.com

May 24, 2022

<u>VIA ECF</u>

The Honorable J. Paul Oetken
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   Stafford v. International Business Machines Corporation
       Case No. 21-CV-06164 (S.D.N.Y.)

Dear Judge Oetken:

Respondent International Business Machines Corporation ("IBM") submits this letter to respectfully request that the Court clarify its May 10, 2022 Opinion & Order (the "Order"), Dkt. No. 28, to ensure that the Clerk of Court unseals the proper version of the sealed arbitration award, if IBM does not file a timely Notice of Appeal. Plaintiff consents to IBM's request.

In the Order, the Court directed the parties "to confer on any sensitive information about the non-party IBM employee and file proposed redactions under seal within two weeks after the issuance of this Opinion & Order, regardless of whether IBM plans to appeal." (Order at 7.) The Parties conferred and have submitted the proposed redactions under seal today. (*See* Dkt. No. 29.)

In the Order and docket text entry, the Court also directed the Clerk of Court "to unseal Docket Number 7 thirty days after the date of this Opinion and Order, except that Docket Number 7 should remain sealed if IBM files a timely Notice of Appeal." (Order at 8.) Docket Number 7 is the *unredacted* award. The Parties' understanding is that the redacted award filed at Docket Number 29 is the award that should be unsealed (if IBM does not file a timely Notice of Appeal), according to the Court's Order. Accordingly, IBM asks the Court to clarify that, should IBM not file a timely Notice of Appeal, the Clerk of Court should unseal the redacted award at Docket Number 29, and should *not* unseal the unredacted award at Docket Number 7.

Thank you for the Court's attention to this matter.

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO • SAN FRANCISCO
SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

The Honorable Judge J. Paul Oetken
May 24, 2022
Page 2

Respectfully submitted,

*/s/ Matthew W. Lampe*
Matthew W. Lampe

cc:     All counsel of record

  Granted.  The Court hereby CLARIFIES that, if IBM does not file a
timely notice of appeal, the Clerk of Court should unseal the redacted award
at Docket Number 29, and should *not* unseal the unredacted award at Docket
Number 7.
   Because the Clerk's Office does not track cases, the Court will notify the
Clerk's Office to unseal Docket Number 29 on June 10, 2022, unless IBM
files a timely notice of appeal.
  (The Clerk is directed to close the motion at Docket No. 30.)
  So ordered:
     5/25/2022

J. PAUL OETKEN
United States District Judge

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

ELIZABETH STAFFORD,

        Petitioner,

        v.

INTERNATIONAL BUSINESS
MACHINES CORP.,

        Respondent.

No. 21-CV-06164

## <u>NOTICE OF APPEAL</u>

Respondent International Business Machines Corporation hereby appeals to the U.S. Court of Appeals for the Second Circuit this Court's final judgment of May 10, 2022, confirming the arbitration award and ordering that the award be unsealed, *see* ECF No. 28, as clarified by the Court on May 25, 2022, *see* ECF No. 31.

Dated: June 6, 2022

        Respectfully submitted,

        *s/ Matthew W. Lampe*

Anthony J. Dick
JONES DAY
51 Louisiana Ave NW
Washington DC 20001-2113
Telephone: (202) 879-7679
Facsimile: (202) 626-1700
ajdick@jonesday.com

        Matthew W. Lampe
        JONES DAY
        250 Vesey Street
        New York, New York 10281
        Telephone: (212) 326-3939
        Facsimile: (212) 755-7309
        mwlampe@jonesday.com

*Counsel for Respondent*
*International Business Machines Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2022, an electronic copy of the foregoing was filed with the Clerk of Court for the United States Court of Appeals for the Second Circuit using the appellate CM/ECF system.

I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished on them via the appellate CM/ECF system.

Dated: October 17, 2022

/s/ *Matthew W. Lampe*
Matthew W. Lampe