22-1240-cv
*Stafford v. Int'l Bus. Machs. Corp.*

# United States Court of Appeals
# for the Second Circuit

_____

August Term 2022
Argued: June 16, 2023
Decided: August 14, 2023

No. 22-1240

_____

ELIZABETH STAFFORD,

*Petitioner-Appellee*,

v.

INTERNATIONAL BUSINESS MACHINES CORPORATION,

*Respondent-Appellant*.

_____

On Appeal from the United States District Court
for the Southern District of New York

_____

Before:   PARK, NARDINI, and NATHAN, *Circuit Judges*.

Elizabeth Stafford is a former employee of International Business Machines Corporation ("IBM") who signed a separation agreement requiring confidential arbitration of any claims arising from her termination.   Stafford arbitrated an age-discrimination claim against IBM and won.   She then filed a petition in federal court under the Federal Arbitration Act ("FAA") to confirm the award, attaching it to the petition under seal but simultaneously moving to unseal it.   Shortly after she filed the petition, IBM paid the award in

full.   The district court (Oetken, *J*.) granted Stafford's petition to confirm the award and her motion to unseal.

On appeal, IBM argues that (1) the petition to confirm became moot once IBM paid the award, and (2) the district court erred in unsealing the confidential award.   We agree.   First, Stafford's petition to confirm her purely monetary award became moot when IBM paid the award in full because there remained no "concrete" interest in enforcement of the award to maintain a case or controversy under Article III.   Second, any presumption of public access to judicial documents is outweighed by the importance of confidentiality under the FAA and the impropriety of Stafford's effort to evade the confidentiality provision in her arbitration agreement. We thus **VACATE** the district court's confirmation of the award and **REMAND** with instructions to dismiss the petition as moot.   We **REVERSE** the district court's grant of the motion to unseal.

———————

SHANNON LISS-RIORDAN, Lichten & Liss-Riordan, P.C., Boston, MA, *for Petitioner-Appellee*.

ANTHONY J. DICK, Jones Day, Washington, DC (Matthew W. Lampe, Jones Day, New York, NY; J. Benjamin Aguiñaga, Jones Day, Dallas, TX, *on the brief*), *for Respondent-Appellant*.

———————

PARK, *Circuit Judge*:

Elizabeth Stafford is a former employee of International Business Machines Corporation ("IBM") who signed a separation agreement requiring confidential arbitration of any claims arising from her termination.   Stafford arbitrated an age-discrimination claim against IBM and won.   She then filed a petition in federal court under the Federal Arbitration Act ("FAA") to confirm the award,

attaching it to the petition under seal but simultaneously moving to unseal it. Shortly after she filed the petition, IBM paid the award in full. The district court (Oetken, *J.*) granted Stafford's petition to confirm the award and her motion to unseal.

On appeal, IBM argues that (1) the petition to confirm became moot once IBM paid the award, and (2) the district court erred in unsealing the confidential award. We agree. First, Stafford's petition to confirm her purely monetary award became moot when IBM paid the award in full because there remained no "concrete" interest in enforcement of the award to maintain a case or controversy under Article III. Second, any presumption of public access to judicial documents is outweighed by the importance of confidentiality under the FAA and the impropriety of Stafford's effort to evade the confidentiality provision in her arbitration agreement. We thus vacate the district court's confirmation of the award and remand with instructions to dismiss the petition as moot. We reverse the district court's grant of the motion to unseal.

## I. BACKGROUND

A. <u>Facts</u>

In June 2018, IBM terminated Elizabeth Stafford.[1] Stafford signed a separation agreement (the "Agreement") in exchange for

---

[1] Stafford is one of many former employees who brought claims under the Age Discrimination in Employment Act of 1967 ("ADEA") against IBM. *See, e.g.*, *In re IBM Arb. Agreement Litig.*, No. 22-1728, 2023 WL 4982010, at *1 (2d Cir. Aug. 4, 2023); *Smith v. Int'l Bus. Machs. Corp.*, No. 22-11928, 2023 WL 3244583, at *1 (11th Cir. May 4, 2023); *Estle v. Int'l Bus. Machs. Corp.*, 23 F.4th 210, 211 (2d Cir. 2022); *Rusis v. Int'l Bus. Machs. Corp.*, 529 F. Supp. 3d 178, 188-89 (S.D.N.Y. 2021).

severance payments and other benefits.   The Agreement included a class- and collective-action waiver requiring claims arising from her termination—including claims under the ADEA—to be resolved "by private, confidential, final and binding arbitration."   J. App'x at JA28.

The Agreement included a "Privacy and Confidentiality" provision that stated:

> To protect the confidentiality of proprietary information, trade secrets or other sensitive information, the parties shall maintain the confidential nature of the arbitration proceeding and the award.   The parties agree that any information related to the proceeding, such as documents produced, filings, witness statements or testimony, expert reports and hearing transcripts is confidential information which shall not be disclosed, . . . except as may be necessary in connection with a court application for a preliminary remedy, a judicial challenge to an award or its enforcement, or unless otherwise required by law or judicial decision by reason of this paragraph.

*Id*. at JA32.

B.   Procedural History

In January 2019, Stafford filed a demand for arbitration, alleging age discrimination under the ADEA.   An arbitrator conducted a hearing in March 2021 and entered an award in favor of Stafford on July 12, 2021.

One week later, Stafford filed a petition to confirm her arbitration award under the FAA in the U.S. District Court for the Southern District of New York.   She attached her confidential award

4

to the petition, filing it under seal but simultaneously asking the district court to "exercise its inherent authority to unseal this award so that the public may access it." J. App'x at JA37. Stafford argued that the confidentiality provision in the Agreement was an "attempt to prevent employees from sharing information obtained in their cases with other employees . . . thus severely hampering the ability of individuals pursuing these claims to obtain the information needed to build a case." *Id.* at JA37 n.1 (cleaned up).

IBM made the final payments under the arbitration award to Stafford on September 17, 2021 and thereby "fully satisfied all the terms of the Final Award." *Id.* at JA65. That same day, IBM filed an opposition to Stafford's motion to unseal. IBM argued against unsealing based on Stafford's lack of standing and equitable estoppel.

The district court granted Stafford's petition to confirm the award and her motion to unseal. *Stafford v. Int'l Bus. Machs. Corp.*, No. 21-CV-6164, 2022 WL 1486494, at *1 (S.D.N.Y. May 10, 2022). It rejected IBM's standing and equitable estoppel arguments against unsealing. Applying the common-law framework, the district court found that "numerous district court decisions" have found such confidential arbitration awards to be "judicial documents" when attached to a petition to confirm. *Id.* at *2. The court observed that "IBM has failed to identify factors that overcome the strong presumption of public access." *Id.* at *3. In particular, it held that enforcement of the confidentiality provision did not "outweigh the presumption of public access to judicial documents," and that "IBM's vague and hypothetical statements that competitors may use this information . . . [are] not the sort of specific evidence required to overcome the presumption of public access." *Id.* IBM timely

appealed. The district court stayed the unsealing of the award pending resolution of this appeal. *See id.*

## II. DISCUSSION

On appeal, IBM argues that Stafford's petition to confirm became moot when IBM fully paid the award. We agree and hold that Stafford's right to confirm the arbitration award is by itself insufficient to establish a "concrete" injury to maintain a "live" case or controversy under Article III.

Moreover, the district court erred by failing to weigh the importance of confidentiality under the FAA and Stafford's improper effort to evade the confidentiality provision of the Agreement against a diminished presumption of access to judicial documents.

A.  Mootness

Stafford's petition to confirm her award is now moot. Stafford claims that she will suffer a concrete injury unless her award is confirmed under the FAA. But the availability of a statutory action does not provide a "concrete" injury for Article III purposes.

1.  *Legal Standards*

Article III of the Constitution provides that the "judicial power shall extend to all Cases" and "Controversies." U.S. Const. art. III, § 2. "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (internal quotation marks omitted).

Mootness is "standing set in a time frame." *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 68 n.22 (1997). "The doctrine of standing generally assesses whether that interest exists at the outset, while the doctrine of mootness considers whether it exists throughout the proceedings." *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 796 (2021). "[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). A "concrete" injury is "real, and not abstract." *Id.* at 2204 (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016)). While "Congress may elevate harms that exist in the real world before Congress recognized them to actionable legal status, it may not simply enact an injury into existence." *Id.* at 2205 (cleaned up).

"An actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Alvarez v. Smith*, 558 U.S. 87, 92 (2009) (cleaned up). "No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute 'is no longer embedded in any actual controversy about the plaintiffs' particular legal rights.'" *Already, LLC*, 568 U.S. at 91 (quoting *Alvarez*, 558 U.S. at 93). In other words, "no live controversy remains where a party has obtained all the relief she could receive on the claim through further litigation." *Ruesch v. Comm'r of Internal Revenue*, 25 F.4th 67, 70 (2d Cir. 2022) (internal quotation marks omitted).

The FAA provides that "at any time within one year after the award is made any party to the arbitration may apply to the court so

specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected." 9 U.S.C. § 9. The "confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984); *see* 9 U.S.C. § 13.

Confirmation is a "mechanism[] for enforcing arbitration awards." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008). "A party, successful in arbitration, seeks confirmation by a court generally because he fears the losing party will not abide by the award." *Florasynth*, 750 F.2d at 176. Confirmation gives "the winning party . . . a variety of remedies" for enforcement. *Id*. This includes "plac[ing] the weight of a court's contempt power behind the award, giving the prevailing party a means of enforcement that an arbitrator would typically lack." *Unite Here Loc. 1 v. Hyatt Corp.*, 862 F.3d 588, 596 (7th Cir. 2017) (cleaned up). An arbitration award, however, "need not actually be confirmed by a court to be valid." *Florasynth*, 750 F.2d at 176. "An unconfirmed award is a contract right that may be used as the basis for a cause of action," and "in the majority of cases the parties to an arbitration do not obtain court confirmation." *Id.*

Article III's case-or-controversy requirement applies to actions governed by the FAA. The Supreme Court recently affirmed that the FAA's provisions authorizing "applications to confirm, vacate, or modify arbitral awards . . . do not themselves support federal jurisdiction." *Badgerow v. Walters*, 142 S. Ct. 1310, 1316 (2022).

IBM did not argue that the petition to confirm was moot in the district court, but subject-matter jurisdiction "can never be forfeited

or waived," *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). We "have an independent obligation to satisfy ourselves of the jurisdiction of this court and the court below." *Melito v. Experian Mktg. Sols., Inc.*, 923 F.3d 85, 92 (2d Cir. 2019) (internal quotation marks omitted). We review questions of mootness de novo. *Conn. Citizens Def. League, Inc. v. Lamont*, 6 F.4th 439, 444 (2d Cir. 2021).

      2.   *Application*

Although Stafford had standing when she filed her petition to confirm (before the award had been satisfied), the petition is moot because she now lacks any "concrete interest" in confirmation. *Knox v. SEIU*, 567 U.S. 298, 307 (2012). IBM could have moved to vacate or modify the award under the FAA, but it did not do so. *See* 9 U.S.C. § 12. Indeed, it is undisputed that IBM has satisfied the award in full and that it does not entitle Stafford to any other relief. She has thus already "obtained all the relief she could receive on [her] claim," *Ruesch*, 25 F.4th at 70 (cleaned up), and no longer has any "concrete interest" in enforcement, *Knox*, 567 U.S. at 307.

Two of our sister courts of appeals, in determining whether petitions to confirm are moot, have similarly looked to whether the prevailing party has some concrete interest in enforcement of the award. *See Brown & Pipkins, LLC v. SEIU*, 846 F.3d 716, 728-29 (4th Cir. 2017) (dispute over payment); *Unite Here Loc. 1*, 862 F.3d at 598 (prospective relief). In *Brown & Pipkins*, the losing party in arbitration claimed that payment had been made in full, but the prevailing party disagreed. *See* 846 F.3d at 729. This dispute over payment—a "monetary harm," *TransUnion*, 141 S. Ct. at 2204— rendered the petition to confirm not moot. *See Brown & Pipkins*, 846 F.3d at 729. Similarly, in *Unite Here Local 1*, there was "plainly a live

dispute" about whether the losing party was "in fact acting in compliance with the awards" of prospective relief.   862 F.3d at 598. The parties' interests in the "ongoing controversy" over enforcement of the awards was sufficient for Article III purposes.   *See id.* at 598-99; *cf. Teamsters Loc. 177 v. United Parcel Serv.*, 966 F.3d 245, 250, 253 (3d Cir. 2020) (finding Article III standing when there was a risk of "future violations" of the award).   Under the logic of these cases, a petition to confirm an arbitration award is moot when there is no longer any issue over payment or ongoing compliance with a prospective award.

Stafford points to *Zeiler v. Deitsch*, 500 F.3d 157 (2d Cir. 2007), to argue that "confirmation does not require a 'live' dispute related to compliance with the award."   Appellee's Br. at 12.   But *Zeiler* involved an award of prospective relief, *see* 500 F.3d at 161, which is not at issue here.   In any event, *Zeiler* did not address standing or mootness, and "drive-by jurisdictional rulings of this sort have no precedential effect."   *Green v. Dep't of Educ. of City of N.Y.*, 16 F.4th 1070, 1076 n.1 (2d Cir. 2021) (cleaned up).   Stafford also points to *Ottley v. Schwartzberg*, 819 F.2d 373 (2d Cir. 1987), for the same proposition.   Appellee's Br. at 12.   But in *Ottley*, there was a dispute as to compliance with the award.   *See* 819 F.2d at 375.   No such dispute exists here.   And like *Zeiler*, *Ottley* did not directly address standing or mootness.

Stafford no longer has any concrete interest in enforcement of her award, so the only remaining question is whether her statutory right to seek confirmation under the FAA is itself enough to create a "live" controversy.   It is not.   The Supreme Court has clearly stated that "Article III standing requires a concrete injury even in the context

of a statutory violation." *Spokeo*, 578 U.S. at 341; *see also TransUnion*, 141 S. Ct. at 2205 ("[U]nder Article III, an injury in law is not an injury in fact."). Stafford fails to show that holding an unconfirmed arbitration award is itself a concrete injury that "has a close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts."[2] *TransUnion*, 141 S. Ct. at 2204 (cleaned up). The FAA's process for confirming an arbitration award still requires Article III injury, and § 9 of the FAA does not itself confer standing.

In sum, Stafford's petition to confirm her arbitration award became moot when IBM fully paid the award, and her petition should have been dismissed as moot.

B.    Sealing

The district court erred by granting Stafford's motion to unseal the arbitration award because it failed to weigh the FAA's strong policy in favor of confidentiality and Stafford's improper effort to evade the confidentiality provision of the Agreement against the presumption of public access to judicial documents.

1.    *Legal Standards*

"The common law right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of*

---

[2]  The Third Circuit's statement in *Teamsters Local 177 v. United Parcel Service*, 966 F.3d 245 (3d Cir. 2020), that "the dispute the parties went to arbitration to resolve is 'live' until the arbitration award is confirmed and the parties have an enforceable judgment in hand" is inapposite. *Id*. at 252. That case involved a petition to confirm an arbitration award conferring *prospective relief*. *See id*. at 249. Also, it was decided before the Supreme Court's decision in *TransUnion v. Ramirez*, 141 S. Ct. 2190 (2021).

11

*Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). "The presumption of access is based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Id.* (quoting *United States v. Amodeo* ("*Amodeo II*"), 71 F.3d 1044, 1048 (2d Cir. 1995)). This Court's law regarding sealing is "largely settled." *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019).

"First, the court determines whether the record at issue is a 'judicial document'—a document to which the presumption of public access attaches." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). Second, "if the record sought is determined to be a judicial document, the court proceeds to determine the weight of the presumption of access to that document." *Id.* (internal quotation marks omitted). Third, "the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Id.*

We have recently rejected similar attempts by Stafford's counsel to unseal confidential documents obtained in individual arbitrations by filing them in court. *See In re IBM Arb. Agreement Litig.*, 2023 WL 4982010, at *7; *Chandler v. Int'l Bus. Machs. Corp.*, No. 22-1733, 2023 WL 4987407, at *1 (2d Cir. Aug. 4, 2023); *Lodi v. Int'l Bus. Machs. Corp.*, No. 22-1737, 2023 WL 4983125, at *1 (2d Cir. Aug. 4, 2023); *Tavenner v. Int'l Bus. Machs. Corp.*, No. 22-2318, 2023 WL 4984758, at *1 (2d Cir. Aug. 4, 2023). In those cases, we affirmed the district courts' decisions to grant IBM's motions to seal. *See, e.g., In re IBM Arb. Agreement Litig.*, 2023 WL 4982010, at *7. We reasoned

12

that the "FAA's strong policy protecting the confidentiality of arbitral proceedings" and the "impropriety" of efforts "to evade the Agreement's Confidentiality Provision" outweighed the "presumption of public access." *Id.*

"When reviewing a district court's order to seal or unseal a document, we examine the court's factual findings for clear error, its legal determinations *de novo*, and its ultimate decision to seal or unseal for abuse of discretion." *Olson v. Major League Baseball*, 29 F.4th 59, 87 (2d Cir. 2022) (cleaned up).

2. *Application*

First, an arbitration award attached to a petition to confirm that award is ordinarily a judicial document. "In order to be designated a judicial document, the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119 (internal quotation marks omitted). Here, the arbitration award attached to Stafford's petition to confirm is a judicial document because it is "relevant" to the court's decision to confirm that award. *Id.*

Second, the presumption of access to judicial documents, however, is weaker here because the petition to confirm the award was moot. The lack of jurisdiction over the underlying dispute does not, on its own, resolve the sealing issue. *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 139-40 (2d Cir. 2004). But the "weight of the presumption [of access] is a function of (1) the role of the material at issue in the exercise of Article III judicial power and (2) the resultant value of such information to those monitoring the federal courts." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) (internal quotation marks omitted). The

confidential award played no "role in the exercise of Article III judicial power" because the petition should have been denied as moot. *See In re IBM Arb. Agreement Litig.*, 2023 WL 4982010, at *7 (cleaned up).

Third, the district court erred in failing to consider and give appropriate weight to the "countervailing factors" at issue. *Lugosch*, 435 F.3d at 120. In weighing disclosure, courts must consider not only "the sensitivity of the information and the subject" but also "how the person seeking access intends to use the information." *Amodeo II*, 71 F.3d at 1051; *see also Brown*, 929 F.3d at 47 ("[T]he Supreme Court [has] observed that, without vigilance, courts' files might 'become a vehicle for improper purposes.'" (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978))). "[C]ourts should consider personal motives . . . at the third[] balancing step of the inquiry, in connection with any asserted privacy interests, based on an anticipated injury as a result of disclosure." *Mirlis*, 952 F.3d at 62 (cleaned up).

Here, Stafford continued to seek confirmation and unsealing of her arbitration award even after it had been fully satisfied. Her stated purpose—as argued to the district court and to us—was to enable her counsel to use the award in the litigation of ADEA claims of other former IBM employees. Such efforts to evade the confidentiality provision to which Stafford agreed in her arbitration agreement are a strong countervailing consideration against unsealing. *See In re IBM Arb. Agreement Litig.*, 2023 WL 4982010, at *7.

Confidentiality is "a paradigmatic aspect of arbitration." *Guyden v. Aetna, Inc.*, 544 F.3d 376, 385 (2d Cir. 2008); *see also Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013) ("[C]ourts

14

must rigorously enforce arbitration agreements according to their terms." (internal quotation marks omitted)).   We have affirmed decisions to keep judicial documents subject to confidentiality provisions in arbitration or settlement agreements under seal.   *See, e.g.*, *Gambale*, 377 F.3d at 143-44 (confidential settlement); *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997) (confidential arbitration award).

The district court's conclusion that "the enforcement of contracts . . . does not constitute a higher value that would outweigh the presumption of public access to judicial documents" did not fully account for the context of Stafford's unsealing motion.   *Stafford*, 2022 WL 1486494, at *3 (cleaned up).   "[A]llowing unsealing under such circumstances would create a legal loophole allowing parties to evade confidentiality agreements simply by attaching documents to court filings."   *In re IBM Arb. Agreement Litig.*, 2023 WL 4982010, at *7.   In short, the presumption of access to judicial documents is outweighed here by the interest in confidentiality and because Stafford's apparent purpose in filing the materials publicly is to launder their confidentiality through litigation.   We conclude that the district court should not have granted Stafford's motion to unseal the award.

## III.   CONCLUSION

We have considered all of the parties' remaining arguments and have found them to be without merit.   For the reasons set forth above, the judgment of the district court is vacated and remanded with instructions to dismiss as moot.   The district court's grant of the motion to unseal is reversed.